Scott, J. Like the power to grant or refuse continuances, the power of setting aside defaults is a sound legal discretion inherent in all courts, and allowed for the express purpose of promoting the ends of justice; and should the circuit courts, in the exercise of this discretion, capriciously or arbitrarily disregard any important right belonging to either party, their judgments will be examined in this court, and corrected on appeal or writ of error. It appears, from inspecting the whole record, including the bill of exceptions, that the defendants appeared, and, at the request of the plaintiffs, consented to continue the case at the September term, 1845, and thus, as held in Rogers vs. Conway, 4 Ark. 70, “made themselves parties to the record.” At the succeeding term one of the counsel for the defendants, with a view of filing a plea of the statute of limitations, examined the papers, and, to the best of his recollection, found a plea already on file, the filing of which he supposed regularly noticed on the record. At that term, when the case was called, he answered that he was ready for trial, at which time the counsel for the plaintiffs suggested to the court that the issue to be tried was on the statute of limitations, and that he had filed a bill in chancery to restrain the defendants from availing themselves of that defence, and continued the case to await the final decree in that chancery cause, and at the same term the defendants were ordered to an* swer that bill at the succeeding term. That the defendant’s counsel did not suspect that any steps would be taken in the law case thereafter until the disposition of the chancery cause. That, at the next term afterwards, (during which the defendants did answer the bill in chancery,) and while that bill was still pending, the plaintiffs took a judgment by default in the law case, the defendants’ counsel not hearing the case called. It appears, also, that the names of the defendants’ counsel were entered upon the record as attorneys for the defendants on the return of the writ, and their names as such were continued thereon up to the time when the default was entered. It was contended that the motion to set aside the default, W'as properly overruled, because the affidavit showed no merits, asking'only leave to plead payment and the statute of limitations. The general rule requiring merits to be shown in order to relieve a party against a default, is well settled, and has been recognized by this court in Wilson vs. Phillips, 5 Ark. 183; but to this rule the courts have sometimes admitted exceptions. In New York the rule is held only to apply to defaults that have been, in all respects, regular. When they have been irregularly entered, it' has been only required of the party in default to point out the irregularity, and to excuse himself from negligence without showing merits. Howell vs. Denniston, 3 Caine's R. 96. Thomas vs. Douglass, 2 John, cases, 226. Depeysler vs. Word, 2 Caine’s R. 45. And in that State, in some few cases, even where the default was regular, the courts have not applied the rule under the particular circumstances of each case, as where the party in default has been misled by the party taking the default, (Steward vs. Atkins, 3 Cow. 67,) or was under some particular misapprehension for which the party taking the default was plainly responsible, (Onley vs. Bacon, 3 Caine’s Rep. 132,) and a few other particular cases. We refer to these decisions not to adopt or approve them, but only to show that this general rule, requiring merits to be shown in order to relieve a party against a default, like most of the general rules of law, has been sometimes held to have exceptions, not only in an entire class of cases, but in other cases depending upon their own peculiar circumstances, and, although we are unwilling to go to the length of all the New York decisions on this subject, it is obvious that the rule must have some exceptions, as it is easy to conceive of cases, as, for instance, where a default is taken against a defendant before the expiration of the time allowed him to plead, where every possible presumption of law that a default could raise against him would be entirely removed by merely pointing out such gross irregularity as that indicated in the case supposed whereby he has been deprived of a substantive right. And while, by deciding the case before us, we design to declare no rule to embrace numerous cases of exceptions, we are of opinion that this case, under its peculiar circumstances, is as fully without the general rule as the case supposed. Looking at all the facts in this case, it seems most probable that a plea of the statute of limitations, upon which issue was taken, was really on file, but that the clerk had omitted to make it appear on the record, and has not copied it in the transcript for that reason. If this was true, as we think most probable from all the facts presented, it was grossly irregular for á default to have been entered before the issue was disposed of. If, however, this was not true, the act of the plaintiff in declining to take judgment for want of a plea, when he might have done so, and at that time voluntarily continuing his case until the final disposition of the chancery cause, and at the same time procuring an order requiring the defendants to answer the bill in chancery by the next succeeding term, if it did not amount to an election on his part to suspend the remedy by law, until he could get the aid he was seeking from the chancellor or abandon that course, at the least the making of this apparent election, and directing the defendant’s attention to the defence of the bill in chancery, naturally produced such misapprehension in the mind of the defendants’ counsel as should have been considered by the court below, under all the circumstances, to have enlarged the time of pleading to the time of the decree in the chancery cause, or to the abandonment of that proceeding. And a judgment by default in the law case pending this state of things would be in little degree less irregular, and, if taken, all the presumptions of law against the defendants arising from default, would be fully repelled by merely showing all the circumstances without the showing of merits. In either view, the legal rights of the defendants have been plainly invaded, and the judgment of the court below must be reversed, and the cause remanded to be tried on the issue made up, if there be one, and if not, with leave to the defendant to plead generally.