————o————

JOHN E. RYLAND, Respondent, *vs.* JAMES B. CALLISON, MARTHA E. PURVIANCE and her husband GEORGE W. PURVIANCE, Appellants.

1. *Fraudulent conveyances—Resulting trusts—Sale on execution.*—When one makes a conveyance of his lands in order to hinder, delay and defraud his creditors, there is created thereby a resulting trust in favor of his creditors, and such property can be sold on an execution against him.

2. *Fraudulent conveyances—Equity—Proceedings to set aside—Purchaser at execution sale.*—A purchaser of B.'s land at execution sale will occupy as advantageous a position, as would a creditor of B., in proceedings to set aside a prior conveyance by B. of this land on account of fraud.

*Appeal from Lafayette Circuit Court.*

*Johnson & Botsford*, for Appellants.

I. Ryland was a purchaser at sheriff's sale, and not from the original grantor, and a purchaser to come within the meaning of the statute must purchase from the fraudulent grantor. (1 Sto. Eq. Jur., § 433 and n. ; Kerr Fraud and Mist., 228, 229 ; Russell vs. Kearney, 27 Ga., 96 ; Bell vs. McCawley, 29 Ga., 355.

2. *Where a person makes a conveyance, which is valid between the parties, thereto, though fraudulent as to creditros, he has no interest in the land, either legal or equitable,* which can be sold under execution, until the creditor has proceeded in equity to set aside the fraudulent deed. (Bobb vs. Woodward, 50 Mo., 95 ; Harrington vs. Harrington, 27 Mo., 560 ; Dunnica vs. Coy, 28 Mo., 525 ; Rankin vs. Harper, 23 Mo.

579; Eddy vs. Baldwin, 23 Mo., 588; Howe vs. Waysman, 12 Mo., 169; Wagn. Stat., 605, § 16; McIlvaine vs. Smith, 42 Mo., 45; Brant vs. Robertson, 16 Mo., 129; Broadwell vs. Yautis, 10 Mo., 398.)

⌐III. Such a sale is not void, but only voidable. It is good as between the parties, and operates to divest all interest from the grantor, and can only be set aside by a direct proceeding by a creditor. (Pearsoll vs. Chapin, 44 Pa. Stat., 9; Gutzwiller vs. Lackman, 23 Mo., 168.)

*Ryland & Son, with H. C. Wallace & Ryland,* for Respondent.

I. The purchaser at execution sale, though not a creditor of the execution debtor, can seek the aid of a court of chancery to set aside and annul the deed made by the execution debtor as fraudulent and void. (Pepper vs. Carter, 11 Mo., 540; Burk vs. Flournoy, 4 Mo., 116; Howe vs Waysman, 12 Mo., 169; Cason vs. Murray, 15 Mo., 378; Aspinall vs. Jones, 17 Mo., 209; McLaughlin vs. McLaughlin's Admr., 16 Mo., 242; Woodson vs. Pool, 19 Mo., 340; Franse vs. Owens, 25 Mo., 329; Rankin vs. Harper, 23 Mo., 579; Eddy vs. Baldwin, 23 Mo., 588; Johnson vs. Sullivan, 23 Mo., 474; Miles vs. Jones, 28 Mo., 87; Potter vs. McDowell, 31 Mo., 62; Peyton vs. Rose, 41 Mo., 257; Allen vs. Berry, 50 Mo., 90; Bobb vs. Woodward, 50 Mo., 95; Turner vs. Turner, 44 Mo., 535; Merry vs. Freeman, 44 Mo., 518; Dunnica vs. Coy, 24 Mo., 167; Herrington vs. Herrington, 27 Mo., 560; Potter vs. Stevens, 40 Mo., 229; Hildreth vs. Sands, 2 Johns. Ch., 35; 14 Johns., 493; 1 Am. Lead. Cas. [Hare & W's notes], 48; Anderson vs. Roberts, 18 Johns., 513; Bridge vs. Eggleston, 14 Mass., 245.)

SHERWOOD, Judge, delivered the opinion of the court.

John E. Ryland, plaintiff, became the purchaser at execution sale of certain lands once owned by defendant James B. Callison, but which had been conveyed by the latter to his sister-in-law. This suit is brought to set aside that conveyance on the ground that it was made to hinder, delay and defraud Callison's creditors; and the evidence adduced on the trial leaves

no room for doubt, that such was the intent which prompted the execution of the deed in question. The law is well settled in this State, that, where a debtor conveys his land with the fraudulent design above mentioned, a resulting trust is thereby created in favor of his creditors, and is the subject of excution sale. And it is equally well settled, that a purchaser at such sale will occupy as advantageous a position as though he were a creditor, when proceeding to set aside the debtor's conveyance on the ground of fraud.

This disposes of the only questions of practical importance in this case, and the result is, that the judgment must be affirmed.

All the judges concur.