GEORGE M. FORSTER, Appellant, *v.* MULLANPHY PLANING MILL COMPANY, Respondent.

### June 24, 1884.

1. — CORPORATIONS — FRAUDULENT CONVEYANCES — DIRECTORS — TRUST RELATIONS. — The directors of a business corporation may, by their votes, authorize the execution of a deed which has the effect of giving them a preference as *bona fide* creditors over other creditors of the corporation.

2. —— A deed of its assets by a corporation to one of its directors to secure a loan made by him to it when the latter was in embarrassed circumstances, is not necessarily void.

3. —— ATTACHMENT. — A conveyance which will authorize an attachment on the ground that it is in fraud of creditors must be absolutely void as to creditors, so as to create a resulting trust in their favor and constitute the grantee a trustee for their benefit.

APPEAL from the St. Louis Circuit Court, BARCLAY, J.

*Affirmed.*

CHAS. B. STARK and A. MOORE BERRY, for the appellant: The directors of a solvent corporation are trustees for the shareholders, and are subject to all the duties and disabilities of trustees. — *McAllen* v. *Woodcock*, 60 Mo. 174 ; *Lingle* v. *Hogan*, 45 Mo. 109 ; *Bent* v. *Priest*, 10 Mo. App. 543–547 ; *Skrainka* v. *Allen*, 7 Mo. App. 434 ; *Brewster* v. *Stratman*, 4 Mo. App. 41 ; *Cumberland Coal Co.* v. *Sherman*, 30 Barb. 553 ; *Koehler* v. *Black River Falls Iron Co.*, 67 U. S. (2 Black) 715. The directors of an insolvent corporation are trustees for the benefit of its creditors. — *Bradley* v. *Farwell*, 1 Holmes, 433; *Hopkins and Johnson's Appeal*, 90 Pa. St. 69 ; *Marr* v. *The Bank of West Tenn.*, 4 Cold. (Tenn.) 471 ; *Jackson* v. *Ludeling*, 88 U. S. (21 Wall.) 616 ; *Railroad Co.* v. *Howard*, 74 U. S. (7 Wall.) 392–409 ; *Lingle* v. *Hogan*, 45 Mo. 109, 110 ; *Skrainka* v. *Allen*, 7 Mo. App. 434–438–440 ; *Eyerman* v. *Krieckhaus*, 7 Mo. App. 455 ; *Chouteau* v. *Allen*, 70 Mo. 290–338. A trustee will not be permitted to create such a

relation between himself and the trust property as will make his own interest antagonistic to that of his beneficiary. — *Lingle* v. *Hogan*, 45 Mo. 109 ; *McAllen* v. *Woodcock*, 60 Mo. 174 ; *Bent* v. *Priest*, 10 Mo. App. 543–557 ; *Skrainka* v. *Allen*, 7 Mo. App. 434 ; *Brewster* v. *Stratman*, 4 Mo. App. 41 ; *Koehler* v. *Black River Falls Iron Co.*, 67 U. S. (2 Black) 715 ; *Jackson* v. *Ludeling*, 88 U. S. (21 Wall.) 616 ; *Sawyer* v. *Hoag*, 84 U. S. (17 Wall.) 610.    The term fraud, as understood in the statute concerning fraudulent conveyances, has the same meaning in the attachment law; and it is not necessary to show that the act originated in any premeditated design to commit a positive fraud or to injure other persons. — *Reed* v. *Pelletier*, 28 Mo. 173 ; *Beach* v. *Baldwin*, 14 Mo. 597.    When one makes a conveyance of his property to hinder, delay or defraud his creditors, a trust results thereby in their favor, and the deed, as against them, is " utterly void," and such property may be seized on attachment or execution at law against him, and sold. — Rev. Stats. 1879, sect. 2497 ; *Ryland* v. *Callison*, 54 Mo. 513.

JAY L. TORREY, for the appellant : The assets of an insolvent corporation are a trust fund primarily for the benefit of its creditors and secondarily for its shareholders ; and its directors and managers occupy a fiduciary relation toward both creditors and shareholders.—*Drury* v. *Cross*, 7 Wall. 302 ; *Jackson* v. *Ludeling*, 21 Wall. 616 ; *Brewster* v. *Stratman*, 4 Mo. App. 41 ; *Covington, etc., R. Co.* v. *Bowler*, 9 Bush, 468 ; *Lingle* v. *Nat. Ins. Co.*, 45 Mo. 109 ; *McAllen* v. *Woodcock*, 60 Mo. 174 ; *Wood* v. *Dummer*, 3 Mason, 308.    The fiduciary relation which exists between the directors of an insolvent corporation and its creditors is of such a character as to render an attempt on the part of such directors to secure a preference for debts due to themselves out of the assets of such corporation, fraudulent in law. — *Bradley* v. *Farwell*, 1 Holmes, 433 ; *Curran* v. *The State of Ark.*, 15 How. 307 ; *Drury* v. *Cross*, 7

Wall. 299 ; *Little Rock, etc., R. Co.* v. *Page,* 35 Ark. 304 ; *Hopkins' and Johnson's Appeal,* 90 Pa. St. 76 ; *Farmers' and Merchants' Bank* v. *Downey,* 53 Cal. 466 ; *McDowell* v. *Ark. Machine Co.,* 38 Ark. 17 ; *Stout* v. *Yaeger Milling Co.,* 13 Fed. Rep. 802 ; *Union National Bank* v. *Douglas,* 1 McCrary, 86.

LEONARD WILCOX and H. J. GROVER, for the respondent : A director in a corporation has a right to deal with such corporation in any way that any other person can. — *St. Louis* v. *Alexander,* 23 Mo. 527, 531 ; *Kitchen* v. *Railroad,* 69 Mo. 243, 245, 254 and 255 ; *Buell* v. *Buckingham,* 16 Iowa, 284 ; *Smith* v. *Skeary,* 47 Conn. 54 ; *Duncourt* v. *Railroad,* 84 N. Y. 199, 207 ; *Whitwell* v. *Warner,* 20 Vt. 444, 445 ; *Gordon* v. *Preston,* 1 Watts, 387 ; *Twin Lick Oil Co.* v. *Marburg,* 1 Otto, 587. A corporation which is insolvent merely — as well as a partnership or individual — can prefer one creditor to another. — *Catlin* v. *Bank,* 6 Conn. 233, 241 ; *Poudville & Co.* v. *Clark,* 25 Conn. 97 ; *Maryland* v. *Bank,* 6 Gill & J. 219, 220 ; *Poole's Case,* 9 Ch. L. Div. 322, 328 ; *St. Louis* v. *Alexander,* 23 Mo. 483 ; *Sheely* v. *Booth,* 73 Mo. 77 ; *Dougherty* v. *Cooper,* 77 Mo. 528. If, by reason of the insolvency merely of the defendants, its assets became a trust fund for creditors, it was a joint trust for all its creditors and can not be enforced by plaintiff in a suit at law. — *Edwards* v. *Welton,* 25 Mo. 379 ; *Craig* v. *Gregg,* 83 Pa. St. 19 ; *Grear* v. *Gouge,* 69 N. Y. 154 ; Thorn on Liability of Officers, etc., 257 ; *Fusz* v. *Spaunhorst,* 67 Mo. 264 ; *Smith* v. *Poor,* 40 Me. 422. The liability of a principal to indemnify and secure his surety or accommodation indorser is a debt contracted from the time the surety is given. — *Rice* v. *Southgate,* 16 Gray, 142 ; *Bayer* v. *Coal Co.,* 106 Mass. 131 ; *Duvall* v. *Raisin,* 7 Mo. 450.

BAKEWELL, J., delivered the opinion of the court.

This was an action upon promissory notes, begun by at-

tachment, upon the ground that defendant had fraudulently conveyed, assigned, and disposed of its property and effects, so as to hinder and delay its creditors.

The issue raised by the plea in abatement was submitted, upon an agreed statement of facts, to the court without a jury. The court found the issue in favor of defendant, and the attachment was dissolved.

The facts, as agreed upon, are as follows: —

On the 5th of May, 1883, defendant executed and delivered to one Joseph P. Schureman, a deed, in the ordinary form of a deed of trust to secure the payment of money. This deed embraced the leasehold on which the planing mill of defendant is erected, and all the materials, appliances, machinery, etc., appertaining to the mill, and all open accounts and money due to the mill, and was given to secure the following indebtedness of defendant described in the deed: —

A note of defendant, due May 21, 1883, for $2,500, payable to the order of F. Germer, and indorsed by F. Germer, William Leroi and Meyer & Stipp; also a note of defendant for $500, due May 15, 1883, payable to A. Meyer; also a note of defendant, due May 30, 1883, for $674.70, payable to Meyer & Stipp; also sums in cash to the amount of about $2,000, due to twenty-eight different creditors of the company, whose names are set out in the deed with the sum due to each one. All of this indebtedness was a *bona fide* liability of defendant at the time the deed was executed, as set out in the deed. Of the accounts, one was to Germer for $236, one to Holkemper, for $46.00, and one to Stender for $33.00. These three men were directors of defendant when the deed was given. The $2,500 note had been indorsed for defendant's accommodation, and discounted at the Mullanphy Savings Bank by defendant, which received the proceeds and used them in its business. The note was held by the Mullanphy Bank when the deed was executed; and, at its maturity, on May 21, 1883, the ac-

commodation indorsers named above, their liability having been fixed, paid the note, and ever since held it. The note for $674.70 was given for money lent to defendant by Meyer & Stipp. Meyer, Germer, Holkemper, and Stender were directors of defendant when the deed was executed.

The board of directors of defendant was fixed at thirteen persons. The deed was executed under a resolution of this board passed April 30, 1883. Ten directors voted for the resolution. Two were absent; one voted against it. The four directors named above as beneficiaries in the deed voted for the resolution. The majority vote determines the action of the board.

Defendant was insolvent when the deed was executed; but the deed was not fraudulent in fact; nor was it executed or received with any fraudulent purpose or intent on the part of any of the parties to it, to hinder or delay any creditor or creditors of defendant, but in good faith for the *bona fide* purpose of securing the claims therein mentioned.

Plaintiff's suit is upon four notes of defendant, each for $1,600, all dated September 14, 1881, maturing in one, two, three, four, and five years after date.

To warrant attachment on the ground of a fraudulent conveyance of the debtor's property, it is not essential that the conveyance should have been made with any dishonest intent. The intention may have been not to defraud creditors, but to better provide for their payment by preventing a sacrifice of the assets at forced sale; but, if the natural and necessary effect of the deed is to hinder and delay the creditors, the conveyance is a fraud in law of such a character as will warrant an attachment. *Reed* v. *Pelletier*, 28 Mo. 173. A conveyance thus fraudulent in law, is to be regarded as utterly void as to the attaching creditor. It is for this reason that he need not apply to equity for relief, but may at once proceed by attachment. *Ryland* v. *Callison*, 54 Mo. 513.

A conveyance, however, is not fraudulent merely be-

cause creditors are preferred by it.   Such a deed hinders and delays one or more creditors, and such is the necessary intent of it; but it can not be objected to on that ground alone.   *The State to use* v. *Laurie*, 1 Mo. App. 371.

If the conveyance under consideration in the present case is void for constructive fraud, so as to furnish a ground for attachment, it must be on the ground that the fiduciary relations of the directors of defendant to the company and the creditors of the company rendered them incompetent to authorize by their votes a deed which had the effect of giving them, as *bona fide* creditors of the company, a preference over some other creditors of the same company.

It is not necessary that we should critically examine all the cases which the diligence of counsel for appellant has brought together in their carefully prepared brief as bearing upon the question of the trust relations of directors of corporations.   Some of these cases are cited by counsel as authority for propositions which we can not accept as law. In view of what is said by the supreme court in *Kitchen* v. *St. L., K. C. & N. Ry. Co.* (69 Mo. 254), and of the approval there expressed of the doctrine of the case of *Twin-Lick Oil Company* v. *Marbury* (1 Otto, 588), and of the separate opinion of Judge Ryland in *The City* v. *Alexander* (23 Mo. 528), and the cases cited in that opinion by Judge Ryland, we must hold that the directors of a corporation are not prohibited from lending it moneys when they are needed for its benefit and the transaction is open and otherwise free from blame; nor are they prohibited from taking a deed of trust upon property of the company to secure such indebtedness, nor from purchasing such property under a fair public foreclosure sale under the deed of trust.

The case of *The City* v. *Alexander* is severely criticised by Judge Sherwood in *The State ex rel.* v. *Garoutte* (67 Mo. 445), commonly known as the Green County Bond Case.   From that opinion Judge Hough and Judge Napton dissented at the time.   But the criticism of Judge Sher-

wood goes only to the *per curiam* opinion, and does not touch the separate opinion of Judge Ryland, or the question treated of in that opinion, and the case of *Kitchen* v. *Railroad Co.* (*supra*), is a later case in which none of the judges dissent.

In the last named case it was held that the fact that one or more of the persons proposing to advance money to complete a railroad were directors to whom the proposition was made, and by whom it was accepted, does not vitiate the contract, nor make it void ; and the court adopts the language of Judge Miller in *Twin-Lick Company* v. *Marbury* (*supra*), that " a rule forbidding one director amongst many from loaning money to a corporation where the money is needed, and the transaction open and free from blame, while it would afford little protection to the corporation against actual fraud, would deprive it of the aid of those interested in giving aid, and best qualified to judge of the necessity of that aid, and the extent to which it might be given."

It would seem to follow from this that the director lending the money may take the ordinary fair business means for his protection when dealing thus with the corporation of which he is director. And our own supreme court, in the the case just cited, proceeds to approve the same doctrine as laid down in Judge Ryland's separate opinion in *The City* v. *Alexander* (*supra*).

It is said by Judge Dillon, in *Buell* v. *Buckingham* (16 Iowa, 284), that a director of a corporation may avail himself of his superior knowledge, and of the advantages of his position, in running a race with other creditors to obtain security for his debt ; and by Judge Redfeld in *Whitewell* v. *Warner* (20 Vt. 444), that it is certainly not competent to predicate constructive fraud on the mere fact of a stockholder availing himself of his superior advantages to obtain security for debts due to himself to the exclusion of other debtors. The inequality between the stockholder

and the stranger is one that the law allows, and which is understood by those dealing with the corporation.

That a corporation in failing circumstances may assign its property to preferred creditors, just as individuals may do in like circumstances, seems to be generally settled. And this is true whether the assignment be general or partial, if the whole fund is assigned in good faith and without fraud. *Ex parte Conway*, 4 Ark. 354; 13 Ark. 575; *Whitewell* v. *Warner, supra; Dana* v. *United States*, 5 W. & S. 223. That this doctrine is inconsistent with the settled principle that the assets of a corporation are a trust fund for the benefit of creditors must be admitted. We do not pretend to reconcile the cases in these points.

It is also clear that the lien of the creditors upon the assets of a corporation does not become fixed by the mere fact that the debts of a corporation exceed its available assets. A corporation in this condition may go on, manage its affairs and transfer its property in the due course of business, whilst there is an honest purpose and reasonable hope of reclaiming its fortunes, though a part of the creditors be thereby deprived of their security. *Pond* v. *Framingham*, 130 Mass. 134; 15 N. Y. 10. But whilst the legal ownership of the assets is not altered by insolvency, the directors of an insolvent corporation will not be allowed to secure a preference to themselves at the expense of other creditors. They are placed, when the company becomes insolvent, in the same fiduciary relation to its creditors in which they originally stood to the members of the corporation. *Hoyle* v. *Railroad Co.*, 54 N. Y. 314; *Bradley* v. *Farwell*, 1 Holmes (U. S.), 433; 21 Wall. 616; *Richards* v. *Insurance Company*, 43 N. H. 263; 28 Cal. 398; 90 Pa. St. 69.

Whilst we recognize and assert these principles, and affirm that the director of joint stock corporations occupies fiduciary relations which cause the courts to view with extreme

jealousy his dealings with the subject-matter of his trust, and which lead courts of equity, upon slight grounds, where timely application is made by the stockholders or creditors, as the case may be, to set aside conveyances by a corporation to, or for the security of, a director, yet we must also hold, in view of the cases decided in Missouri and elsewhere, that cases may and do arise in which a director may take security from the corporation upon its assets for a loan made by him to it when in embarrassed circumstances ; and the deed, though attacked by creditors, may be upheld, as it may also, in view of all the attending circumstances, be upset.  But because such a deed may be avoided, it not only does not follow that it is void, but it does follow that it is not void,

We do not feel at liberty to hold that the deed attacked in the present proceeding was void for a constructive fraud. The remedy of the creditors of the corporation, if any they have, was, we think, by a proceeding in equity to avoid the deed, and subject all the property of the corporation to the lien of the creditors.   We are of the opinion that the agreed facts do not make out a case of legal fraud such as to make the deed void and to bring it within the provision of the attachment law.   The conveyance of property to hinder, delay or defraud creditors which authorizes the seizure of the property conveyed, or of other property of the debtor, by attachment or execution, is such a conveyance as is held to be not merely voidable in equity but utterly void as to creditors, so as to create a resulting trust in their favor, and to constitute the grantee in the deed a trustee for their benefit.   *Ryland* v. *Callison*, *supra*. Though the corporation in the present case is admitted by the agreed statement to have been insolvent when the deed was executed, this admission goes only to this, that it was unable at the time to pay its debts as usual.   It does not follow that it might not ultimately have a surplus in winding up its affairs.   The case may have been no worse for

the directors than that presented by *Twin-Lick Co.* v. *Marbury* (*supra*); or by *Kitchen* v. *Railroad Co.* (*supra*).

We are of opinion that upon the agreed facts the circuit judge committed no error in finding the issue of fraud in favor of defendant, and the judgment will therefore be affirmed. Judge THOMPSON dissents. Judge LEWIS concurs.