LIONBERGER v. BAKER *et al., Appellants.*

1. **Voluntary Conveyance:** FRAUD OF CREDITORS. Where a debtor in embarrassed circumstances, makes a voluntary conveyance and is afterwards unable to meet his debts, existing at the time of the conveyance, in the ordinary course prescribed by law, the conveyance will be void as to such existing debts.

2. **Deed:** COLORABLE CONSIDERATION. A consideration for a conveyance by such debtor wholly disproportionate to the value of the property conveyed and paid to give color to the transaction is not a valuable consideration.

3. **Marriage.** Marriage is doubtless a valuable, as distinguished from a good consideration.

4. **Innocent Purchaser.** A purchaser from a fraudulent grantee for a valuable consideration without notice takes a good title.

5. **Voluntary Conveyance:** MARRIAGE: CONSIDERATION. One marrying the grantee in a voluntary conveyance because of its provisions is regarded, it seems, as a purchaser for value. Such, however, is not the case with one who has only contracted or engaged to marry such grantee.

6. **Lis Pendens.** Where one marries the grantee in such conveyance after a suit has been commenced to set aside the deed because fraudulent as to creditors, he takes subject to the result of the suits.

7. **Conveyance in Fraud of Creditors:** REMEDIES OF CREDITOR. A judgment creditor has the option of either first bringing suit to set aside the fraudulent deed of his debtor and then selling under execution the latter's interest ascertained by the suit, or the creditor may first sell under execution and the purchaser may set aside the fraudulent deed.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*W. H. Clopton, F. F. Espenschied* and *G. D. Bantz* for appellants.

(1) Davis took an assignment of the interest the

Fourth National Bank had in the suit in equity to charge the property with the judgment. He also took an assignment of the judgment, but it was all one transaction, the same consideration transferred to him both rights, *i. e.*, the suit then pending and the right to levy the execution. The mere right to file or to prosecute a bill in chancery on the ground of fraud cannot be assigned even in equity. Bispham Eq., sec. 166; 2 Story's Eq., 1040; *DeHoughton v. Money Law*, 2 Chan. App. 169; *Smith v. Harris*, 43 Mo. 557; *Wallen v. Railroad*, 74 Mo. 522; *Railroad v. Railroad*, 20 Wis. 183; *Prosser v. Edmonds*, 1 You. and Cal. 481, 499; *French v. Shotwell*, 5 John. Ch. 566; *McMahon v. Allen*, 34 Barb. 56. The last case construes New York statute like ours. R. S., sec. 3462; *Gardner v. Adams*, 12 Wend. 297; *Marshal v. Means*, 12 Ga. 61; *Wilhite v. Roberts*, 4 Dana, 172. (2) The court erred in admitting proof of any conversations with John Baker by witness, Simon, after the delivery of the deed to Jessie G. L. Baker, and of facts transpiring after the deed to her. As against her, the testimony is clearly incompetent. *Boyd v. Jones*, 60 Mo. 454. (3) The court erred in admitting the alias execution, levy, advertisement and sheriff's deed. When the interest of an heir is to be sold, the quantity of the interest should be stated and the number of the heirs given. *Gales v. Christy*, 4 La. An. 295; *Diamond v. Coutney*, 12 La. An. 251. Not only the description of the property, but the defendant's interest should also be given. *Evans v. Ashly*, 8 Mo. 177; *Henry v. Mitchell*, 32 Mo. 512. (4) If a valuable consideration was given for the deed charged to be fraudulent, no matter how trivial, if the purchaser is free from the knowledge of fraudulent intent the conveyance is good. *Shultz v. Brown*, 27 Pa. 123; *Dygert v. Remershire*, 32 N. Y. 629; s. c., 39 Barb. 417; *Seward v. Jackson*, 8 Cow. 430; R. S., 1879, sec. 2502. The plaintiff failed to prove that the conveyance was voluntary, or that the daughter of John Baker was

party to any fraudulent intent, or that the latter was insolvent at the date of the conveyance. (5) Even where the consideration is grossly inadequate and the conveyance is for that reason regarded as partially voluntary and to that extent constructively fraudulent, the grantee not only has the legal title but also priority in equity over the grantor's creditors to the extent of the consideration and for that purpose equity treats the conveyance as a security. *McMeekin v. Edmonds*, 1 Hill Ch. 288; *Van Wyck v. Baker*, 16 Hun, 169; *Gordon v. Tweedy*, 71 Ala. 213; *Patrick v. Patrick*, 77 Ill. 569; *Staney v. Laning*, 58 Ia. 662. (6) A sale under execution does not deprive the original grantee of these equities. *Boyd v. Dunlap*, 1 John. Ch. 478. A purchaser of an equitable title takes subject to the equities of the person holding the legal title. *Jasper Co. v. Jarvis*, 76 Mo. 13; *Mann v. Best*, 62 Mo. 491. Lionberger took with notice of the foregoing equities and subject to them. *Wallace v. Wilson*, 30 Mo. 335; *Rhodes v. Outcalt*, 48 Mo. 367. (7) The sheriff's sale was inoperative because there was no interest or estate in lands to be sold on execution. Freeman on Executions, sec. 187; Lewin on Trusts, 547; *McIlvane v. Smith*, 42 Mo. 45; *Doe v. Greenhill*, 3 Barn. & Ald. 690; *Rogers v. Cary*, 47 Mo. 232. (8) Plaintiff's remedy after the sheriff's sale was ejectment on the death of the life tenant. Bump Fraud. Convey. 529; *Smith v. Cockrell*, 66 Ala. 82; *Crauson v. Smith*, 47 Mich. 190. Although a creditor may before sale on execution, bring his bill to aid the execution and remove embarrassments to such sale (*Zoll v. Soper*, 75 Mo. 460; *Kerr v. Kerr*, 6 Lea. 225), but after sale on execution, the bill will not lie as a bill to remove a cloud and cannot be maintained by one not in possession. *Herrington v. Williams*, 31 Tex. 448; *Lake Road v. Bedford*, 3 Nev. 399; *Orton v. Smith*, 18 How. U. S. 363; *Polk v. Pendleton*, 31 Md. 118. (9) John D.

Davis was a subsequent purchaser within the meaning of Revised Statutes, section 2498. *McNeil v. Turner*, 16 Wall. 352; *Block v. Long*, 60 Mo. 181. (10) Conceding that the conveyance from John to Jessie G. L. Baker was purely voluntary, the subsequent marriage of the grantee converts the grant into one for valuable consideration. *Story v. Arden*, 1 John. Ch. 261, 271; On Error, 12 John Ch. 536; *Wood v. Jackson*, 8 Wend. 33; *Huston v. Cantrell*, 11 Leigh, 137; *Bently v. Harris*, 2 Grat. 357; *Pradgers v. Laugham*, 1 Siderfins, 133; *East India Co. v. Clavell*, Prec. in Ch. 380, 381; *Brown v. Carter*, 5 Vesey, 879; Newland on Contracts, 404; Sugden on Vendors, 436, 437; *Presvill v. Wilson*, 102 U. S. 22.

*John D. Davis* for respondent.

(1) If a debtor is in embarrassed circumstances and makes a voluntary conveyance, and is afterwards unable to meet his debts owing at the time of making the deed, in the ordinary course prescribed by law for their collection, or is reduced to such a condition that an execution against him would be unavailing, such conveyance is fraudulent and void as to those debts and the property conveyed is subject to their payment. *Potter v. McDowell*, 31 Mo. 62; *Eddy v. Baldwin*, 32 Mo. 369; *Howe v. Waysman*, 12 Mo. 169; *Woodson v. Pool*, 19 Mo. 340; *Pawley v. Vogel*, 42 Mo. 291; *Reppey v. Reppey*, 46 Mo. 571; *Henderson v. Dickey*, 50 Mo. 161; *Bobb v. Woodward*, 50 Mo. 95; *Patten v. Casey*, 57 Mo. 118; *Fisher v. Lewis*, 69 Mo. 629; Bump on Fraud. Con. [1 Ed.] 293, 296, 299. "Solvency consists not only in the present ability of the debtor to pay his debts, but in such a condition of his means that payment can be enforced by process of law." *Eddy v. Baldwin*, 32 Mo. 369. (2) The payment of a nominal consideration does not entitle the grantee to be regarded as a purchaser for value. *Kuykendall v. McDonald*, 15 Mo. 416; *Fisher*

·*v. Lewis*, 69 Mo. 629; *Davidson v. Little*, 22 Pa. St. 252. (3) Gross inadequacy in the price paid for land is a badge of fraud. *Robinson v. Robards*, 15 Mo. 459; *Curd v. Lackland*, 49 Mo. 451; *Ames v. Gilmore*, 59 Mo. 537. (4) Where a party takes a conveyance for an ·expressed consideration and afterwards to set up the same conveyance as a gift, the court may set it aside on that ground. *Galbreath v. Cook*, 30 Ark. 417; *Cadwallader v. West*, 48 Mo. 483. (5) The burden of proof rests on the grantee in case of a voluntary conveyance to prove that the grantor was solvent and not embarrassed at the time of the conveyance. *Lane v. Kingsberry*, 11 Mo. 402; *Grimes v. Russell*, 45 Mo. 431. (6) A conveyance without consideration or merely for love and affection made by an insolvent is void as against ·creditors, though the grantee was ignorant of the insolvency and innocent of the fraud. *Gamble v. Johnson*, ·9 Mo. 605; *White v. McPheeters*, 75 Mo. 286; *Hurley ·v. Taylor*, 78 Mo. 238; *Bohannon v. Combs*, 79 Mo. 305. ·(7) The purchaser at an execution sale occupies as advantageous a position as though he were a creditor in a proceeding to set aside the conveyance for fraud. *Bobb v. Woodward*, 50 Mo. 95; *Ryland v. Callison*, 54 Mo. 513; *Zoll v. Soper*, 75 Mo. 460. And is entitled to a decree vesting the title to the land in him, and cannot be compelled to accept the amount of the judgment with all costs and expenses in lieu of the land. *Allen v. Berry*, 50 Mo. 90; *Kinealy v. Macklin*, 2 Mo. App. 241. (8) A proceeding in equity to have a fraudulent deed annulled will be sustained even though the plaintiff is not in possession of the land, recourse being necessary to extrinsic evidence to establish the fraud. *Beedle v. Mead*, 81 Mo. 297; *Moore v. Wingate*, 53 Mo. 398–4; *Bobb v. Woodward*, 50 Mo. 95, 101. In the case at bar, neither party is in possession or entitled to possession, as there is an outstanding life estate. An objection to a proceeding in equity, that there is an adequate remedy at law, cannot

avail to reverse the decree, if made for the first time on appeal. *Whetstone v. Shaw*, 70 Mo. 575; *Hemann v. Skrainka*, 14 Mo. App. 577; *Walker v. Owen*, 79 Mo. 563. (9) Errors alleged to have occurred at the trial below, but not mentioned in the motion for a new trial, will not be considered in the appellate court. *Griffin v. Regan*, 79 Mo. 73. (10) Under the well established practice in this state a creditor has his election to either (a) file a creditor's bill to charge property fraudulently conveyed with the payment of his debt, or (b) to sell under execution the interest of the debtor and then file his bill to annul the fraudulent deed. To proceed in the latter way by sale under execution is the usual course, and has received the sanction of this court in so many cases that it has become a well established rule of real property and the foundation of unnumbered titles. *Bobb v. Woodward*, 50 Mo. 95, 101; *Ryland v. Callison*, 54 Mo. 513; *Zoll v. Soper*, 75 Mo. 460. (11) In an equity case where the trial court has the witnesses personally before it and there is abundant evidence to sustain its finding of facts, the Supreme Court will not interfere and reverse such findings unless it is clear it should have been otherwise. *Erskine v. Lowenstein*, 82 Mo. 301; *Judy v. Bank*, 81 Mo. 404; *Parke v. Thompson*, 81 Mo. 565; *Royle v. Jones*, 78 Mo. 403; *Chapman v. McIlwrath*, 77 Mo. 39.

BLACK, J.—This is a suit to set aside a deed made by John Baker to his daughter, Jessie G. L. Baker, now Mrs. Antisdel, dated July 19, 1878, conveying to her a one thirty-sixth of certain real estate in the city of St. Louis. The Fourth National Bank recovered judgment against John Baker in January, 1879, for over five thousand dollars upon notes dated in December, 1876, and June, 1877. John D. Davis purchased the judgment and under an execution issued thereon became the purchaser of the property in the name of the plaintiff.

The deed from Baker to his daughter, it is alleged, was voluntary, and, to her knowledge, made to defraud the creditors of John Baker. It will be seen the debts due to the bank were created anterior to the date of the deed which plaintiff seeks to set aside. It is shown that Mr. Baker had at that time a large amount of property in the city of St. Louis, which some of the witnesses estimated to be of the value all in all, as high as $156,000. He was then in debt to the amount of $80,000 or $90,000. These debts were secured by deeds of trust on his property. The payment of some of the debts had been extended from time to time. Mr. Baker had but little, if any, property, other than that here in question which was not thus incumbered. Taxes on the property were not all paid. There can be no doubt but he was then in embarrassed circumstances and nothing but the best of management and good credit would save him from ruin. Judgments and foreclosure sales followed in rapid succession. We disregard the statement testified to by the witness, Simmons, and still can come to no other conclusion than this, that he was at the date of the deed to the daughter in straightened circumstances. If a debtor is in embarrassed circumstances and makes a voluntary conveyance, and is afterwards unable to meet his debts owing at the time the conveyance was made, in the ordinary course prescribed by law, such conveyance is void as to those debts. *Potter v. McDowell*, 31 Mo. 62 ; *Patton v. Casey*, 57 Mo. 118 ; *Payne v. Stanton*, 59 Mo. 158.

1. But the further question then is ; was this deed voluntary, or was it upon a valuable consideration? The property thereby conveyed, though subject to the life estate of Mrs. Jemima Lindell, was of a value of not less than $7,000 and not greater than $15,000 ; the latter estimate is nearer the real value. The deed was made for the alleged consideration of one hundred dollars. Mr. Baker had for some time thought of giving this property to his daughter. In July, 1878, his wife and

daughter were at Oconomowoc, Wisconsin, for the sum-
mer.   The deed was sent to the wife for her signature,
and by her signed and returned to St. Louis.   It was
then signed by Mr. Baker and recorded, when he took it
to his daughter and was paid by her therefor, he states,
one hundred dollars in a few minutes after his arrival.
The daughter was but twenty years of age, was then
living in affluence, and as might well be expected knew
but little of the property or of its value.   There had
been some previous talk about selling the property to·
her for that amount, but the evidence in that behalf is.
not definite.   Mr. Baker says the daughter paid him the·
one hundred dollars in one bill, and she says she paid
it in bills and silver.   They agree that the money was
given to her by her mother.   It appears Mr. Baker had
years previous agreed with his wife to allow her $2,000·
annually to do with as she pleased, but at the date of
this deed he owed her $8,000 on that account.   ·He had
sent his wife money while in Wisconsin to defray her
expenses there, and the conclusion is irresistible that
the one hundred dollars was given by the mother to the·
daughter out of that, and then by the daughter to the
father, so that he really paid himself out of his own
money.   Besides this the alleged consideration of one·
hundred dollars is wholly disproportionate to, the value·
of the property, and if in fact paid at all, was thus paid
to give color to the transaction, and is not a valuable·
consideration.   *Kuykendall v. McDonald*, 15 Mo. 416 ;
*Fisher v. Lewis*, 69 Mo. 632 ; Bump on Fraud. Con. [3
Ed.] 209.   The deed must be held to be a voluntary con-
veyance without a valuable consideration.

2.   The further contention is that this deed was
made valid by matters *ex post facto*.   The defendant
James F. Antisdel and the daughter of John Baker to·
whom the deed was made, were married in February,
1881, and had been engaged for six months prior thereto,
during which time Mr. Antisdel had the deed in his pos-

session. He did not have any actual knowledge of this suit until two or three days before the marriage, though process had been served on the other defendants previous to that, and a statutory *lis pendens* was filed in December, 1880. Marriage is doubtless a valuable as distinguished from a good consideration. A purchaser from a fraudulent grantee for a valuable consideration without notice takes a good title. In 2 Sug. on Ven. (Am. notes by Perkins) 469, it is said : "So if a person is induced to marry a voluntary grantee on account of such provision, the deed, though void in its creation as to purchasers, will no longer remain voluntary ; but it becomes unimpeachable only from the date of the matter *ex post facto*, and it must be presumed that the parties did act upon the provision." Again, "Wherever there is a voluntary conveyance which is not actually fraudulent in the hands of a grantee, if a subsequent marriage takes place, and the conveyance form any inducement to the marriage, that is sufficient to render the conveyance valid, not only as against a subsequent purchaser, but also as against the creditors of the grantor." *Wood v. Jackson*, 8 Wend. 33. Other cases of a like import are cited by counsel for appellants.

Here the creditor procured his judgment, the property was sold and purchased by the plaintiff, and this suit was commenced before the marriage was consummated. If Mr. Antisdel is to be regarded in the light of a subsequent purchaser for value, still he became such after the rights of the plaintiff had attached as well as pending the litigation and, therefore, subject to the result of the suit. The executory agreement—the engagement—does not place him in the attitude of a purchaser for value. For these reasons, if for no other, the marriage constitutes no defence to this action.

3. Where a debtor conveys his land in fraud of creditors, the creditor may institute his suit to set aside the fraudulent deed and subject the land to the payment

of the debt by thus first ascertaining the interest of the debtor therein, or he may sell the land under execution before the ascertainment of the debtor's interest, and then set aside the fraudulent deed. The purchaser at the execution sale will occupy the same position as if he were the creditor. It is to be regretted that the former course is not more frequently pursued, and thereby avoid the sacrifice of property and speculation attending such execution sales, of which this case is no exception; but the right of the creditor to pursue either course is well established in this state. *Bobb v. Woodward*, 50 Mo. 95; *Ryland v. Callison*, 54 Mo. 513; *Zoll v. Soper*, 75 Mo. 460.

The judgment must be affirmed and it is so ordered. All concur.