JOHN H. SCHROEDER, Respondent, v. ISAAC M. MASON ET AL., Appellants.

**St. Louis Court of Appeals, March 22, 1887.**

1. FRAUDULENT CONVEYANCES—DEBTOR AND CREDITOR.—A creditor may take, in good faith, at a fair valuation, his debtor's property in payment of his legal demand, although he knows that his debtor is insolvent and that the necessary effect of the transfer is to hinder and delay other creditors in the collection of their demands.

2. ——— TRADING CORPORATIONS.—That the debtor in such a case is a trading corporation is wholly immaterial.

3. ——— The creditor's knowledge that other conveyances, made by the debtor to other creditors at or about the same time, are made with the intent of hindering other creditors, will not defeat a conveyance to him in good faith in payment of a *bona fide* debt.

4. INSTRUCTIONS—ABSTRACT—DUPLICATION.—Instructions stating abstract legal propositions of law, or covering questions covered by other instructions given, are properly refused.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

DYER, LEE & ELLIS, for the appellants : The effect of turning over the property to Jacob Ambs, John H. Schroeder and others, was to hinder and delay the creditors of the corporation, and as such, authorized the Continental Bank to proceed by attachment. *Reed v. Pelletier*, 28 Mo. 173; *Ryland v. Collison*, 54 Mo. 513.

DAVID GOLDSMITH, for the respondent, cited *Forster v. Planing Mill*, 16 Mo. App. 152.

THOMPSON, J., delivered the opinion of the court.

On the twenty-third day of August, 1884, the Jacob Ambs Distilling Company, a trading corporation doing business in the city of St. Louis, failed in business, being largely indebted to several parties, among them the Continental Bank of St. Louis. On the same day the bank caused an attachment to be levied by the defendant, Mason, as sheriff of the city of St. Louis, upon a quantity of whiskey and other goods, in the hands of the plaintiff, at his place of business, in the city of St. Louis, as the property of the Jacob Ambs Distilling Company. The goods were sold under the attachment and were wholly lost to the plaintiff. He has brought this action against the sheriff and the Continental Bank for damages for their conversion. The case was tried by the court, sitting as a jury, and a verdict and judgment were rendered in favor of the plaintiff. The points on which the appellants rely relate to the instructions given and refused, and to the propriety of the verdict which the court gave.

I. It is sufficient to say, without stating the facts which the evidence tended to show, that the instructions which the court gave of its own motion were carefully drawn, strictly correct in point of law, and show that

the court, as the trier of the facts, decided the facts under a correct view of the applicatory principles of law.

II.   The instructions which were tendered by the defendants and refused by the court were, so far as they were correct in point of law, merely cumulative statements of principles of law, applicable to the evidence declared by the court in the instructions given.

The one numbered three might well have been given, but we can not see that the court erred in refusing it.   So far as not covered by the instructions given, it was a cautionary instruction, directing the attention of the court to the facts and circumstances which the court should take into consideration as the trier of the facts in making up its verdict.   It can not be supposed, especially in view of the state of the evidence, which will hereafter be observed upon, that the defendants were in any way prejudiced by the refusal to give this instruction, especially since the case was tried by the court and not by a jury.

The second and fourth instructions required the court, sitting as a jury, to find for the defendants if it should believe from the evidence that the plaintiff knew, at the time he received the goods sued for, that the Jacob Ambs Distilling Company was insolvent, and that its officers were about to make a transfer of its assets for the purpose of hindering, delaying, and defrauding its creditors.   This instruction was rightly refused.   If the case had been tried before a jury, the giving of it would have been plainly prejudicial to the plaintiff.   There was evidence in the case tending to show that transfers of the property of the Jacob Ambs Distilling Company had been made on the day of their failure to Jacob Ambs himself, and to sundry persons related to Jacob Ambs and his sons, who were the stockholders in the corporation.   The evidence also tended strongly, if not decisively, to show that the goods which the plaintiff received from the Jacob Ambs Distilling

Company, which were levied on by the sheriff under an attachment of the Continental Bank, were received by him from the distilling company in the *bona fide* liquidation of an existing indebtedness of the distilling company to him, for moneys which he had loaned them from time to time. There was no evidence tending to show that the plaintiff in any way aided and abetted the transfers of the other property of the Jacob Ambs Distilling Company to Jacob Ambs, and to the relatives of the Ambses already spoken of. If the case had been tried by a jury, such an instruction would have made the rights of the plaintiff depend upon the validity of the dealings of those in control of the business of the distilling company with other persons, with the *bona fides* of which dealings the plaintiff could not be in any way charged, legally or morally. *The State to use v. Mason*, 24 Mo. App. 321.

The fifth instruction offered by the defendants and refused, declared the law to be, "that if the Jacob Ambs Distilling Company was insolvent, on the eighteenth of August, 1884, and if thereafter, on the twenty-third day of the same month, the officers of said corporation made a transfer of its assets to the president of said company, then said transfer was fraudulent as to the creditors, even though the transfer was made to secure indebtedness due to the said president." We need not consider whether or not this instruction is good in point of law. Possibly, the two judges of this court, who, alone, participate in this decision, would be divided upon it, as they were upon a similar question in *Forster v. Mullanphy Planing Mill Co.* (16 Mo. App. 150). It is sufficient to say that it was wholly irrelevant to the issue on trial. The issue on trial was whether the goods which had been turned over, by the Jacob Ambs Distilling Company, to the plaintiff, were turned over to him in the payment of a *bona fide* indebtedness from them to him, and not whether *other*

transfers, which the Jacob Ambs Distilling Company made to other creditors, were or were not valid.

III.   The assignment of error that the verdict should have been for the appellants, under the evidence, is not even debatable upon this record.   This was an action at law, and the court tried the facts, sitting as a jury.   The decision of the court upon the facts has, therefore, the same conclusive effect upon this appeal which the verdict of a jury would have.   It is not contended that there was not substantial evidence to support this verdict.   At the close of the plaintiff's evidence, his case was completely made out.   The defendants' evidence, instead of weakening the case made by the plaintiff, greatly strengthened it, and made the preponderance of evidence in its favor so conclusive that if, in a case of this kind, a jury had decided for the defendant, it would have been the plain duty of the trial court to set the verdict aside and grant a new trial.   There were some circumstances casting suspicion upon the conduct of the managing officers of the Jacob Ambs Distilling Company, in the general matter of their failure—the division of their assets between a member of the company and relatives of the stockholders of the company, and the destruction of some of the books, which contained a history of their business transactions.   It is true that, with the goods thus received from the Jacob Ambs Distilling Company, purchased at sheriff's sale, under the attachment, the plaintiff shortly after went into business at the old stand of the company, taking in one of the Ambses as his partner, and another as an employe, which was a circumstance of suspicion ; but all this was carefully and fully gone into on the evidence, and it was for the court, as the trier of the facts, to show whether it was sufficiently explained.   Aside from this, the transactions between the distilling company and this plaintiff were made, by the evidence of the plaintiff himself, by the evidence of witnesses called by the defendants, and by the books of the distilling company, to stand out clear and unimpeached.

This evidence showed that the distilling company was indebted to him, at the time of its failure, in about $5,800 of money loaned by him to it at various times, and that all the property, which they turned over to him, including that which was levied upon by the sheriff, and which is the subject of this action, was not sufficient in value to reimburse him, by about eight hundred dollars ; but as we have no power to deal with the case as chancellors, extended observations upon the evidence are not required.

IV.　If the appellants intend to argue that a trading corporation has not the same power to prefer a particular creditor that a trading individual has, we will say that we do not assent to that view of the law. A trading corporation is, like a trading partnership, but a collection of individuals ; and public convenience requires that, in its dealings as a unit with third persons, it should be subjected to the same rules of the mercantile law as those which apply to partnerships or to individuals, so far as different rules are not required by distinctions growing out of differences in organization.　If an insolvent corporation can not prefer a particular creditor, it is because its assets are so far impressed with the character of a trust fund that the directors in charge of it, upon discovering the fact of its insolvency, are charged by the law with the duty of holding or administering them for the equal benefit of all the creditors of the concern.　This doctrine, if a sound one, proves too much for the defence here set up ; because it would not have allowed the defendant, the Continental Bank, to get a preference over other creditors, by attaching the goods of this insolvent corporation.　Plainly, there can be no principle of public policy which will prevent a corporation debtor and its creditor from doing, by their united voluntary action, that which the creditor alone could do by virtue of the law relating to attachments. But it is unnecessary to argue this question ; for it was decided in *Forster v. Mullanphy Planing Mill Com-*

*pany* (16 Mo. App. 150), that a corporation may make such a preference, and that decision, although not concurred in at the time by all the judges who participated in it, must stand, until overruled by the supreme court, as the law.

V.   Some separate observations seem to be required upon the ruling of the circuit court in refusing the first instruction requested by the defendants.   This instruction was as follows :

"Although the court, sitting as a jury, may believe from the evidence that the Jacob Ambs Distilling Company was, on the eighteenth and nineteenth days of August, 1884, indebted to the plaintiff, and that the goods sued for were taken by the plaintiff in payment of said indebtedness, yet, if it further appears from the facts and circumstances in the case, that the plaintiff was not only acting with the purpose to secure to himself such indebtedness, but from a desire to aid the said Jacob Ambs Distilling Company, or its officers, in defeating other creditors of the said Jacob Ambs Distilling Company in the collection of their claims, or in giving the officers (or any of them) of said corporation, a secret interest therein, then the verdict should be for the defendants."

We see no available error in a refusal of this instruction.   It is not doubted that it embodies a correct proposition of law ; but in so far as this proposition of law is applicable to the facts of the present case, it was covered by the instruction given by the court of its own motion.   Whenever one creditor of the insolvent debtor gets a preference over other creditors, he necessarily hinders and delays them ; but such a hindering and delaying of them is not within any legal prohibition.   He, also, in so far as he acquires in payment of his own debt the assets of the insolvent debtor, necessarily defeats the other creditors in the collection of their claims ; but the law in no wise condemns this.   It is not a debatable question upon this record that the plaintiff took the

property which was turned over to him by the Jacob Ambs Distilling Company, in payment of a *bona fide* indebtedness from them to him. The only circumstance, then, which could operate to defeat his recovery in this case would be the circumstance of his intending, not merely to pay his own debt, but to give the insolvent debtors, or some of them, a secret interest in the property. Assuming that, in the state of the evidence, a jury would have been authorized to find that such was his intent, so much of the above instruction as embodied this proposition was embraced in the instruction given by the court, of its own motion. That instruction embodies the proviso, "that, before or at the time of said sales, there was no understanding or agreement between said company and the plaintiff, whereby said company or its stockholders were to have any benefit from the sales of said property, other than the payment of the debt due to the said plaintiff." It is quite clear, then, that all the applicatory principles of the law which generally arise in such cases, and which were separately suggested by this court in the case of *The State to use v. Excelsior Distilling Company* (20 Mo. App. 21), were in the mind of the learned judge of the trial court when he decided this controversy, and his decision upon the facts is, therefore, conclusive.

The judgment is accordingly affirmed. Lewis, P. J., concurs ; Rombauer, J., takes no part in the decision, having been of counsel in the case.