## JAMES M. GIRDNER, Respondent, v. CHARLES E. McWILLIAMS, Appellant.

**Kansas City Court of Appeals, June 13, 1914.**

1. **EXECUTIONS: Insane Persons.** Under Sections 498, 499 and 500, R. S. Mo. 1909, claims against an insane person must be presented to his guardian and be allowed in the probate court. And a judgment obtained in the circuit court upon service had before the adjudication of insanity, to which the guardian appeared and made answer and defended the suit, must be presented to the probate court for allowance against the insane person's estate. An execution cannot issue thereon from the circuit court.

2. ——: ——: **Execution Ordered but not Issued: Moot Question.** An order of the court directing execution to issue on the judgment is a judicial declaration that the plaintiff in that case is entitled to immediate and full satisfaction of the judgment out of any property belonging to the insane person. And the fact that no execution has actually issued does not make the guardian's right to have the order set aside a mere moot question.

3. ——: **Order Appealable From.** An order of court, made after judgment and at the same term, directing execution to issue thereon is a "special order after final judgment" and is therefore appealable under Section 2038, R. S. Mo. 1909.

Appeal from Livingston Circuit Court.—*Hon. Arch. B. Davis,* Judge.

REVERSED AND REMANDED (*with directions*).

*Paul D. Kitt* for appellant.

*Frank Sheetz* for respondent.

TRIMBLE, J.—Respondent brought suit against appellant on a promissory note and obtained service returnable to the September, 1913, term of the circuit court of Livingston county. After service was thus

obtained, appellant was adjudged insane by the probate court and S. O. Glore was appointed his guardian and curator. At the return term, the guardian appeared, set up his appointment and qualification and defended the suit for his ward. Judgment was rendered in respondent's favor September 22, 1913. Two days later and during the same term, the court "on application of plaintiff ordered execution to issue instanter directed to the sheriff of Livingston county, Missouri, and alias execution ordered to issue to any county in the State." The next day, September 25, 1913, the guardian filed a "motion to set aside and vacate order for issuance of execution," which was overruled on October 24, 1913. Thereupon, on said last named day, the guardian filed a "motion to set aside order overruling motion to vacate said order for execution." This motion was overruled, whereupon an appeal was taken by the guardian for his said ward.

It is appellant's contention that under sections 498, 499 and 500, Revised Statutes 1909, respondent's claim must be presented for allowance against appellant's estate in the probate court and no execution can be issued out of the circuit court upon said judgment. It was agreed that the estate was insufficient to pay debts in full, but would have to be prorated.

Respondent says that as no execution was actually issued under the order, appellant has presented only a moot case, and that there is nothing before the court for consideration.

We think there is more than a mere moot question involved. The right of the plaintiff in the case to have an execution on his judgment is involved. If the order stands, plaintiff can obtain the issuance of the execution at any moment and without notice.

Appellant's property is liable to seizure thereunder and appellant is without redress against the officer holding the writ. He is somewhat in the situation of being in front of a spring-gun, loaded, pointed, set,

and likely to be discharged in his direction at a touch. True, he is not wholly without protection since he could file a motion to quash the execution when levied upon his property. But does he have to wait till then? When a man sees a tiger in the bush, crouched and ready to spring, he need not wait till the animal has sprung and has sunk his claws into his flesh before taking steps to obviate the danger. He can attack the tiger and eliminate the possibility of attack. Consequently, the question involved is more than a mere abstract question not affecting existing rights. The order for execution to issue upon the judgment is a judicial declaration that the plaintiff in that case is entitled to immediate and full satisfaction of the judgment out of any property belonging to the defendant. It is the guardian's duty to see that it is applied pro rata to the payment of all debts and in accordance with the requirements of law. It is, therefore, not a moot question.

The plaintiff is not prevented from enforcing his judgment upon any property which defendant may have fraudulently conveyed, and which the guardian, standing in the shoes of the defendant, cannot enforce because of the fraud. The plaintiff can bring suit as a judgment creditor to have the fraudulent conveyance set aside. [Lionberger v. Baker, 88 Mo. 447.] And this is the better practice. [Welsh v. Mann, 193 Mo. 304, l. c. 326.] Besides, it was not shown that there was any such fraudulently conveyed property.

The order for an execution was not a final judgment it is true, but it was "a special order after final judgment" from which an appeal is expressly provided by section 2038, Revised Statutes 1909. It was an order made in that case for the purpose of enforcing the judgment rendered therein at the same term at which the order was made. The case of Ackerman v. Green, 201 Mo. 231 is not in point. That was a separate, independent, and special proceeding under a statute,

complete in itself, which provides a summary method of discovery with no provision for appeal, since that would defeat the very object of the proceeding. The investigation does nothing more than investigate. It in no manner affects the debtor's rights. The decision in that case is in no sense a holding that there is no appeal from the special order made in this case after final judgment.

Appellant concedes that respondent may file his judgment in the probate court and have it allowed against the estate. Under the statutes above mentioned, the holder of such a judgment is not entitled to an execution against the property in the hands of the guardian and under the jurisdiction of the probate court. And the guardian has more than a mere academic interest in removing the possibility of an execution issuing which would result in expense and litigation in preventing its enforcement. The mere possibility of its being issued is of some power as a hindrance and restraint on the control and disposition of property.

The judgment is, therefore, reversed and the cause remanded with directions to set aside the order directing execution to issue. All concur.