Patten v. Casey, et al.

TEVIS C. PATTEN, Defendant in Error, *vs.* LUCIUS CASEY, *et al.*, Plaintiffs in Error.

1. *Conveyances, voluntary—Made by persons in embarrassed circumstances—Fraudulent in law, when.*—In order to invalidate a voluntary conveyance, it is not necessary that there should be an actual intent to hinder and delay creditors. It is sufficient to show in such case, that the grantor was in embarrassed or doubtful circumstances, and was not possessed of ample means outside of the property conveyed for the satisfaction of his then existing debts. Such conveyance, under such state of facts, is fraudulent in law as to creditors, at the time of its execution.

*Error to Jackson Circuit Court.*

*Sawyer & Christman,* for Defendant in Error

*Gage & Ladd and Stephen P. Twiss,* for Plaintiffs in Error.

SHERWOOD, Judge, delivered the opinion of the court.

This was a proceeding in the nature of a bill in chancery, instituted by Tevis C. Patten in the Circuit Court of Jackson County against Lucius Casey and others, to set aside a conveyance made to Casey by Alexander Gilham, in March 1858, of certain lots in Kansas City for the benefit of the wife and children of said Gilham, and which conveyance contained also a provision, that in the event of the death of the wife or of the children or issue of the marriage, the conveyance should be void. The petition in substance sets forth that the firm of Gilham & McDaniel, (of which Alexander Gilham was a member,) was indebted to plaintiff prior to and at the time of the above mentioned conveyance; that Gilham was then largely indebted and had not sufficient property to pay his debts; that many of the same remained unpaid; that the said conveyance was without valuable consideration, in fraud of the rights of existing creditors, and particularly of plaintiffs; that Gilham died in 1859; that plaintiff's claim had been probated against both the individual estate of Gilham and against the partnership estate of Gilham & McDaniel, and each of those estates were insolvent, and that no part of plaintiff's demand had ever been satisfied; etc., etc.

Patten v. Casey, et al.

The defendants, in their answer, denied the chief allegations of the petition, except that which charged the renewal of the old note of February, 1858, by the note of February of the year following.

There is nothing in the evidence preserved in the bill of exceptions to indicate that the conveyance referred to was made by Gilham with any actual fraudulent intent to hinder, delay or defeat his creditors in the collection of their debts, nor is it necessary, in order to overthrow a voluntary conveyance, that such an intent should be established. It is sufficient in such case to show that the grantor was in embarrassed or doubtful circumstances, and was not possessed of ample means, outside of the particular property, for the satisfaction of his then existing debts. When this condition of affairs is proven to exist, the conveyance in question—although none but the purest motives may have prompted its execution—becomes fraudulent in law and is open to the attacks of, and can be successfully assailed by, all who were creditors at the time of the execution of the conveyance, and whose debts remained unliquidated, and incapable of collection in the ordinary course of proceedings. (Potter vs. McDonnell, 31 Mo., 62.)

When under the herein disclosed circumstances, a voluntary conveyance is called in question, however meritorious its consideration, the claims of affection must yield to those of justice. A man must be just before he is allowed to be generous. An examination of the testimony in this case has failed to convince me that the circumstances of Gilham were so free from embarrassment, and his available means so manifestly abundant, as to warrant him in conveying the above mentioned property in trust for his wife and children.

I am of the opinion, therefore, that the court below arrived at a correct conclusion, and that its judgment should be affirmed; all the judges concur.