## In re ANDERSON.

(District Court, D. Massachusetts. July 10, 1901.)

No. 3,867.

BANKRUPTCY—EXEMPTIONS—ALLOWANCE UNDER STATE INSOLVENCY LAW.

Under Bankr. Act, § 6, allowing the exemptions prescribed by the state laws in force at the time of filing the petition, a bankrupt in Massachusetts is allowed the exemptions established by Pub. St. Mass. c. 171, § 34, but is not entitled to the allowance for the support of his family provided by the state insolvency law (Id. c. 157, § 99) pending the proceedings under such law, since such allowance is not an exemption, but relates to that part of the insolvency law which is suspended in its operation by the bankrupt act.

In Bankruptcy.

Henry T. Richardson, for bankrupt.

William M. Morgan, for trustee.

LOWELL, District Judge.   Pub. St. Mass. c. 157, § 99, provide that:

"The debtor shall receive from the assignee one dollar a day for his attendance on the judge or the assignee when required under section seventy.   He shall also be allowed out of his estate, for the necessary support of himself and his family, such sum not exceeding the rate of three dollars per week for each member of his family, and for such time not exceeding two months, as the judge may order.   Every debtor who is discharged shall be allowed five per cent. on the net produce of all his estate received by the assignee, if such net produce after such allowance is sufficient to pay the creditors entitled to a dividend the amount of fifty per cent. on their debts; but the allowance shall not exceed in the whole five hundred dollars."

The bankrupt seeks to obtain the allowance given by the second sentence of the section above quoted.   To do this, he must establish that the allowance to be made is one "of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition."   Bankr. Act, § 6.   Precisely what meaning should be given to the word "exemption" is difficult to determine in a case like this. Hitherto the only exemptions allowed in this district have been those established by Pub. St. Mass. c. 171, § 34, concerning goods exempt from execution, which exemptions are dealt with by the Massachusetts insolvency act in section 46.   Upon the whole, though with considerable doubt, I think that the allowances made by section 99 are not properly exemptions, within the purview of section 6 of the bankrupt act, but are concerned with that part of the insolvency law which is suspended in its operation by the passage of the bankrupt act.   We can hardly suppose that the debtor is entitled to receive from the trustee one dollar per day for his attendance, as provided in the first sentence of section 99, or that he is to be allowed 5 per cent. on the net produce of his estate, if that estate pays a 50 per cent. dividend to his creditors, as provided in the last sentence of the same section.   The provision here in question, which comes between the two just mentioned, may seem less objectionable, but one can hardly be enforced under the bankrupt act while the others are refused enforcement.   Moreover, it is to be observed that the allowance provided is at the discretion of the judge of probate, and it is doubtful if the bankrupt act was intended to substitute in any respect the discretion of the judge of the district court for that of the judge of probate.   True, if the allowance is denied, the bankrupt will get less from his own estate than if the bankrupt act had not been enacted, and the insolvency law was still in force.   This result seems opposed to the general intent of section 6 of the bankrupt act, but in this case the result seems unavoidable.   The judgment of the referee is reversed, and the allowance to the bankrupt is denied.