## NEEDLES v. FORD, Administrator, et al., Appellants.

### Division One, March 12, 1902.

1. **Deed to Wife:** LOVE AND AFFECTION: VOID AS TO CREDITORS. A conveyance having its sole consideration in love and affection, for instance, a deed by a husband to the wife as a provision for her and his children, is a voluntary deed, and fraudulent in law and void as to existing creditors, when made by an insolvent, or by one rendered insolvent by the very act of conveying the property. And this is the law although the grantee may have been ignorant of the insolvency of the grantor, and ignorant of the fraud committed and intended.

2. ———: RECONVEYANCE TO WIFE: UNRECORDED DEED. Nor does a voluntary conveyance by the wife of the land thus voluntarily conveyed to her, to a third person, and a reconveyance to her by such third person by a deed which is kept from record, the grantor nevertheless remaining in possession and collecting the rents, relieve the first deed or the subsequent ones of their fraudulent character.

3. ———: DOWER: PRIORITY OF LIEN. Where a deed to a wife has been set aside as fraudulent as to her husband's creditors, her right to dower is revived, and her dower right can not be postponed to a settlement of his debts, but takes precedence over the liens of his creditors.

Needles v. Ford.

4. **Equity Decree:** LIMITED BY PLEADINGS: GENERAL PRAYER. The decree must always be responsive to the pleadings, and is always limited by them. Nothing can be embraced in the decree not covered by them. The rule that under a general prayer for relief a party may have any relief to which he may show himself entitled, is limited to relief founded on and consistent with the scope of the pleadings, and not such as may be developed at the trial.

5. **Voluntary Deed:** EQUITY DECREE: GENERAL PRAYER: RENTS, ETC. In a suit to set aside a deed as being voluntary and therefore fraudulent and void as to creditors, there can be no decree concerning rents collected by defendant, unless there are some allegations in the pleadings in reference thereto.

6. **Waiver:** INCOMPETENCY OF WITNESS. The incompetency of a litigant to testify concerning an agreement between himself and a deceased party, can not be considered on appeal if the attention of the trial court was not called thereto in the motion for a new trial.

7. ———: MISJOINDER OF PARTIES AND OF ACTIONS. Misjoinder of parties defendant or a misjoinder of actions is not open to review on appeal unless raised by demurrer or motion in arrest in the trial court.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,* Judge.

REVERSED AND REMANDED.

*Lander, Johnson & Lander* for appellants.

(1) It is submitted, whether or not the decree of the trial court, upon a fair construction of the same, has in law, set aside the deed from John T. Needles to his wife, Sylvia J. Needles, of date July 6, 1891. If it has not been set aside, then the decree rendered can not stand on any grounds whatever, for in that case the widow as purchaser was entitled to possession, and all rents and profits of the land. (2) Mary Needles of Ohio, plaintiff's mother, being dead, and John Ford, administrator, being an opposite party, plaintiff Enoch Needles was not a competent witness to prove the agreement between himself and mother Mary, that the consideration for the transfer of the $1,000 note sued on, was that he, Enoch,

should pay to Charles and Daisy, children of John T. Needles by his first wife, $500 each, out of the note when collected. Sec. 8918, R. S. 1889; Chapman v. Daugherty, 87 Mo. 617; Sitton v. Shipp, 65 Mo. 305. (3) The trial court had no power to do more than to establish the demand in favor of plaintiff Enoch Needles against the estate of John T. Needles, the same then to be certified to the probate court to be classified and paid in due course of administration; certainly had no power to order the sheriff to sell the land and make distribution of the proceeds to Enoch Needles, or any other creditor. R. S. 1889, sec. 190. (4) The $1,060 paid by the widow, Sylvia, was insurance money under policy for her benefit, and was her separate property, freed from all debts of her husband, John T. Needles. Sec. 5854, R. S. 1889. To the extent of this $1,060, her own separate funds, she should in equity be protected by charging it on the land, or by some other proper order. But the trial court applied the $1,060 as a payment *pro tanto,* on the $1,000 note sued on, as a credit, thereby taking the money of Sylvia J. Needles to pay the debt of her husband. (5) As to Enoch Needles' title and interest in the note sued on. Under the evidence plaintiff Enoch Needles paid nothing to his mother for the note sued on, only held it for collection. The note was and is the property of the estate of his mother, Mary Needles, of Dayton, Ohio. It might have been recalled at the pleasure of Mary Needles in her lifetime, or by her executor or administrator after her death. 1 Daniels, Negot. Inst., sec. 699; Tied. on Com. Paper, sec. 268, p. 447. What right the trial court had to apply $1,060 of Mrs. Sylvia J. Needles' money as part payment on that note, is the mystery. (6) The $200 claimed to have been paid by plaintiff Enoch Needles to Charles Needles and charged on the land in question, was either the money of the estate of Mary Needles advanced by Enoch, or the money of Enoch loaned to Charles; in either case, the trial court had no power to charge

it on the land, or as a matter of law, anything to do with it whatever. (7) The pleadings do not call for any accounting of rents and profits, and no evidence was before the court on the subject of amounts of rents, taxes, etc. Bender v. Zimmerman, 122 Mo. 201. Again, until the mortgagee (in this case Mrs. Jane E. Nast) takes possession for condition broken, the mortgagor (Mrs. Sylvia J. Needles in this case) is entitled to the rents and profits. 1 Jones on Mort. (3 Ed.), secs. 670, 671; 2 Jones on Mort. (3 Ed.), sec. 1120. The mortgagee has no claim or lien on the rents, but is entitled to interest only, on the debt. 1 Jones on Mort. (3 Ed.), sec. 772. (8) The deed from the husband to his wife, Sylvia, conveying his equity of redemption, being set aside for fraud against the creditor, Enoch Needles, the land remains the property of the estate of John T. Needles, deceased, and her dower attaches to the land, or at least to any surplus after satisfaction of the Wilson & Toms incumbrance now held by Mrs. Nast, assignee. Bohannon v. Combs, 97 Mo. 446; 2 Jones on Mort. (3 Ed.), sec. 1933 and note 1; 2 Jones on Mort. (3 Ed.), secs. 1933-4; 1 Jones on Mort. (3 Ed.), 314. The mortgage property is the primary fund to pay the secured debt; and the probate court alone has the power to dispose of any surplus after payment of the secured debt. Tucker v. Wells, 111 Mo. 399; sec. 190, R. S. 1889. Assuming, as the trial court did, that the widow, Sylvia J. Needles, is the real party in interest; that she furnished all the money paid for the assignment of the Wilson & Toms trust deed, and, if you please, took the assignment of that incumbrance in her own name; then to protect her dower she had the right so to do. 2 Jones on Mort. (3 Ed.), sec. 1067; Bray v. Conrad, 101 Mo. 331. Even if she had actually paid the incumbrance, would she not be subrogated to save her dower in the surplus? Allen v. Dermott, 80 Mo. 56; Bray v. Conrad, supra. Under the facts in the case, Sylvia J. Needles is clearly entitled to dower in the equity of redemption, or surplus after payment of the Wilson & Toms incum-

brance. 1 Sharswood, Leading Cases, p. 314; 1 Jones on Mort. (3 Ed.), sec. 666; 2 Jones on Mort. (3 Ed.), secs. 1933, 1934. (9) The dower of the widow in the surplus has precedence over the claim of the creditor, Enoch Needles, or any other creditor.

*J. A. Arbuthnot* and *A. W. Mullins* for respondent.

(1) The deed from John T. Needles to his wife, Sylvia J. Needles, did not convey the legal title to the land in question, and it is immaterial whether the decree of the court formally set the same aside or not. "A husband could not, at common law, convey by deed directly to his wife so as to pass the legal title, nor is he authorized to do so by statute." Crawford v. Whitmore, 120 Mo. 144; Turner v. Shaw, 96 Mo. 22; Frissell v. Rozier, 19 Mo. 448. (2) The said deed from John T. Needles to his wife was and is fraudulent and void as to his creditors, both at law and in equity, because without consideration and merely voluntary. Lander v. Ziehr, 150 Mo. 403; Bartels v. Kinnenger, 144 Mo. 370; Lionberger v. Baker, 88 Mo. 447; Snyder v. Free, 114 Mo. 360; Bump on Fraudulent Conveyances (4 Ed.), secs. 253, 254. (3) The suit was rightly brought for judgment on the note and to set aside the deeds alleged to be fraudulent, as to plaintiff as a creditor, and for the sale of the land. Case v. Beauregard, 101 U. S. 690; Turner v. Adams, 46 Mo. 95; Lionberger v. Baker, supra; Bobb v. Woodward, 50 Mo. 95; Zoll v. Soper, 75 Mo. 460. (4) Whether or not the plaintiff was competent to testify to all the matters about which he gave evidence, is not a question open for review on this appeal. The motion for a new trial did not present that matter to the court for reconsideration, nor in anywise complain of the court's ruling on the admission of evidence, or the competency of the plaintiff or other witness to testify. Vineyard v. Matney, 68 Mo. 165; Pitts v. Sheriff, 108 Mo. 110. Besides, the evidence of the plaintiff,

complained of in the defendants' brief, was mostly brought out by counsel for defendant on cross-examination, and, therefore, as to such evidence, they can not now be heard to complain. Nichols v. Nichols, 147 Mo. 402; Hume v. Hopkins, 140 Mo. 65. (5) The evidence shows conclusively that the plaintiff was the owner of the note in his own right and not the mere holder of it as agent for his mother. He had sued on it long prior to his mother's death. (6) It is contended by counsel for defendants that the circuit court erred in not providing that the defendant, Sylvia J. Needles, should have dower in the surplus, after the payment of the mortgage debt, in case the deed to her from her husband was set aside. There is, however, no such relief, or any relief, asked in her answer; but on the contrary, it is entirely inconsistent therewith. Her joint answer with that of the defendant, John E. Nast, alleges that the latter owned the equity of redemption absolutely. The decree of the court provided for the defendant, Mrs. Needles, to the full extent to which she is entitled. Zoll v. Soper, 75 Mo. 462.

ROBINSON, J.—This is a suit instituted in the circuit court of Linn county, on February 2, 1894, against John Ford, administrator of the estate of John T. Needles, deceased, Sylvia J. Needles, widow of the deceased, and John E. and Jane E. Nast. The amended petition on which the case was tried contained two counts.

The first is based upon a promissory note for $1,000 executed by John T. Needles to his mother, Mary Needles, dated June 25, 1873, payable one day after date, with interest thereon at the rate of six per cent per annum, and alleged to have been assigned to plaintiff, with the further averment of the death of John F. Needles and the appointment of the defendant Ford as his administrator. The balance alleged to be due upon said note, after giving to it all just credits, is $1,795, and for this amount plaintiff asks judgment.

By the second count it is sought to set aside as fraudulent a deed made and executed by John T. Needles in his lifetime, to his wife Sylvia, to certain lands in Linn county in this State, of date July 6, 1891; also a deed from said Sylvia Needles to John E. Nast dated June 1, 1892, purporting to convey the same land. The second count in the petition contained substantially the same allegations as to the execution and transfer of the note as the first count. It is then alleged that when the first deed was made the principal and interest on said note amounted to $1,645, and that at that time John T. Needles was the owner of the land in question, but that he owned no other real estate in this State; that on July 6, 1891, said John T. Needles for the purpose and with the intent to hinder, delay and defraud his creditors, including the plaintiff, and to prevent the collection of his said note, and without any consideration therefor, fraudulently conveyed or attempted to convey the land in controversy to his wife Sylvia, who, it is alleged, is a mere voluntary grantee and a party to the fraud thereby intended, which said conveyance was filed for record in the office of the recorder of deeds in Linn county the twenty-ninth day of September, 1891. It is further alleged that on June 1, 1892, for the purpose of carrying out such fraudulent purpose, the defendant Sylvia Needles conveyed said land to her brother-in-law, the defendant John E. Nast, of which said purpose the latter had due notice and was fully cognizant at and prior to the execution of such conveyance. It is also alleged that the land in question was subject to a certain deed of trust for about $2,000 in favor of Wilson & Toms of St. Louis, which is alleged to have been paid off by said Sylvia Needles out of money derived from her husband's estate after his death, but that instead of having same cancelled and released, the defendant Sylvia Needles fraudulently procured an assignment of the note and deed of trust to her sister-in-law, the defendant Jane E. Nast, and the prayer of the petition is for a decree setting aside the deed from John T. Needles to his

wife Sylvia and from said Sylvia to John E. Nast, and the cancellation of the Wilson & Toms deed of trust, and subjecting the land to plaintiff's claim, and for other proper relief.

No answer or other pleading was filed by defendant Ford.

The separate answer of Jane E. Nast denied the execution of the note sued on and set up the Wilson & Toms mortgage and the purchase thereof for value, and concludes with a prayer for judgment for the amount of the indebtedness secured thereby and that said mortgage be foreclosed and the land sold to satisfy same and for proper relief.

The joint answer of Sylvia J. Needles and John E. Nast denied the execution of the note and the assignment thereof to plaintiff and set up among other things, that she is the widow of John T. Needles, who died intestate, and that no dower has been assigned to her out of the estate of her deceased husband; denies all fraud, and pleads a misjoinder of parties and causes of action. The answer then avers that on June 25, 1873, Mary Needles, the mother of plaintiff and John T. Needles, being old and feeble, but in good condition financially, gave to her son John T. the sum of $1,000 with the agreement and understanding between them, that John T. should pay his mother interest thereon so long as she should live, at the rate of six per cent per annum; that the money sued for is the sum evidenced by that note, and that John T. during his lifetime duly paid to his mother the interest thereon in accordance with said above agreement with his mother, and that all that could possibly be due on account of said note and contract, is an amount equal to six per cent interest on said sum of one thousand dollars from the date of the death of John T. Needles to the time of the death of his mother, Mary Needles.

The replication put in issue the matters set up in defendant's answers.

The case was tried by the court, upon testimony showing substantially the following facts:

John Needles on June 25, 1873, executed the note in suit for $1,000 to his mother, Mary Needles, at that time a resident of Dayton, Ohio. On this note he paid interest regularly to his mother up to the time of his death in 1891. In the latter part of the year 1891, Mary Needles assigned by indorsement and delivered this note to the plaintiff, Enoch Needles, the said Enoch agreeing in part consideration of said assignment of said note to him, that he would, out of the proceeds derived from its collection, pay over to Charles Needles and Daisy Needles, afterwards Daisy Menzel, the children of John T. Needles, deceased, by his first marriage, the sum of five hundred dollars each. On November 16, 1887, John T. Needles being then the owner of the land in suit, borrowed through Wilson & Toms of St. Louis, $1,000, for which he gave his note to William F. Leonard, payable on December 1, 1892, with interest thereon, after maturity, at the rate of ten per cent per annum, and secured the same by a deed of trust on said land, in which conveyance the defendant Sylvia Needles, his then wife, joined. About this time John Needles moved to Colorado and lived there until in 1891, when he died. On July 6, 1891, John T. Needles conveyed the land in suit, being all the land then owned by him, or in which he had any interest in this State, to his wife Sylvia, for the recited consideration of $1,000, with this superadded clause: "The grantee herein, as a part of the consideration of this deed, agrees to pay Charles Needles and Daisy Menzel (children of John T. by a former marriage) each the sum of $500 within one year after the death of John T. Needles, with interest at the rate of six per cent per annum from the date of the death of said grantor." No consideration passed from Sylvia to her then husband John T. Needles for this conveyance. At the date of this deed, John T. Needles owned certain real estate in the State of Colorado which he also conveyed to his wife by a like voluntary conveyance without any consideration being paid therefor. It appears, however, that in about one year after the

death of her husband, which occurred in September, 1891, the defendant Sylvia Needles paid to each of the children of John T. Needles by a former wife (Charlie Needles and Daisy Menzel) five hundred and thirty dollars out of the proceeds derived from an insurance policy, taken out for her benefit, during the lifetime of her husband.

The testimony also shows that the plaintiff in pursuance of his agreement with his mother, Mary Needles, at the time the note in suit was transferred to him, paid to Charles Needles $200 of the $1,000 that was to have been paid to him and his sister, Daisy Menzel, from the proceeds of the money collected from this note. On June 1, 1892, Sylvia Needles executed a deed conveying the land in question to her brother-in-law, John E. Nast, for the pretended consideration of $1,000, but in reality got nothing for it. On the same day and cotemporaneous therewith, John E. Nast and his wife, Jane, in turn executed to Sylvia Needles a warranty deed, purporting to convey the same land, which deed she still has, but withholds it from the records of Linn county. In reference to this transaction, Mrs. Needles testified that she sold the land to her brother-in-law in part consideration for a photograph gallery purchased in conjunction with him; that she finally gave up her interest in the gallery, whereupon Nast and his wife in turn reconveyed the land to her, which deed she still has in her possession, but has never filed of record. The testimony further shows that at about this time the defendant Sylvia Needles induced her sister-in-law, Mrs. Jane E. Nast, to buy up the notes made by her husband to William F. Leonard, which had been secured by a deed of trust on the land in question (the note being spoken of by the witnesses as the Wilson & Toms note) in order that the land in question might not be sacrificed by an immediate foreclosure sale. This Mrs. Nast did, and in the early part of the year 1893, the principal note and the last interest note, together with the deed of trust securing same were transferred and assigned to her, she paying

the full face value thereof, and at the time of the institution of this suit she was still the owner and holder thereof. The principal and accrued interest on these notes at the time of the trial of this case in the court below, amounted to about $2,700. It is further shown by the evidence that the defendant, Jane E. Nast, although holding these past due notes secured by deed of trust on the land in suit, never collected or received any rent whatever from the land, but that Sylvia Needles collected the rents for the year 1892, and after that John E. Nast, claiming to own the equity of redemption, has leased, controlled and received the rents from the land up to the time of the bringing of this suit.

The following is the special finding of facts made by the trial court:

"That John Ford is the administrator of John T. Needles, deceased, who died intestate in the year 1891, and that said John T. Needles made and executed to Mary Needles the note for one thousand dollars dated June 25, 1873, mentioned in the first count of said petition and filed with plaintiff's original petition in this cause, and that said Mary Needles within or about the latter part of the year 1891, assigned by indorsement and delivered said note to the plaintiff. The court finds that at the time of the assignment and transfer of said note it was agreed by and between said Mary Needles and the plaintiff, Enoch Needles, in part consideration for the assignment thereof, that the plaintiff would, out of the proceeds derived from the collection of said note, pay over to Charles A. Needles and Daisy Needles, the children of said John T. Needles by his first marriage, the sum of five hundred dollars each.

"The court further finds that on July 6, 1901, there was due on said note the sum of sixteen hundred and forty-five dollars; and that on said July 6, 1891, the said John T. Needles was the owner in fee, subject to the deed of trust hereinafter mentioned, of the following described land and prem-

ises situate in Linn county, Missouri, to-wit:   All, the south-west quarter of section one in township fifty-seven of range twenty lying south of the Hannibal and St. Joseph railroad, excepting nine acres off of the east end of said tract heretofore sold to William W. Hicks; and that on said July 6, 1891, the said John T. Needles made a voluntary deed of conveyance of said land and premises to his wife, the defendant Sylvia J. Needles, who paid nothing therefor, but that it was recited in said deed that the said grantee, Sylvia J. Needles, should pay to Charles A. Needles, and Daisy Needles, the said children of said John T. Needles by his first marriage, five hundred dollars each within one year after the death of said John T. Needles, with six per cent per annum interest thereon after his death, and that said Sylvia J. Needles did, on September 16, 1892, pay to each of said children five hundred and thirty dollars. The court finds that the said deed from the said John T. Needles to his wife, the defendant Sylvia J. Needles, as to the creditors of said John T. Needles and the plaintiff herein, was and is invalid and void. The court finds that the plaintiff paid over to said Charles A. Needles by draft on April 4, 1896, the sum of two hundred dollars.   The court further finds that by reason of the agreement made by plaintiff with the said Mary Needles, when she assigned to him said note, to pay out of said note, when collected, one thousand dollars to said children of John T. Needles by his first marriage, and by reason of the payment made by the defendant, Sylvia J. Needles, of five hundred and thirty dollars to each of said children, the plaintiff is not entitled to judgment for the whole amount of said note, but only to the balance due thereon after deducting the sum of $1,060 paid by said Sylvia J. Needles to said Charles A. Needles and Daisy Needles (now Daisy Menzel), which said balance amounts to $864.78 and he is also entitled to judgment for said sum of two hundred dollars paid by plaintiff by draft to said Charles A. Needles, making in all the sum of $1,064.78, to which he is entitled to judgment as against the

defendant, John Ford, as administrator of the estate of John T. Needles, deceased.

"The court further finds that on June 1, 1892, the defendant, Sylvia J. Needles, made, executed and delivered to her co-defendant John E. Nast, a deed, in form a general warranty, purporting to convey the land herein described, to said Nast, which said deed is of record in the recorder's office in Linn county, Missouri, in book 85 at page 592. The court further finds that said last-mentioned deed was a mere voluntary deed and without valuable consideration.

"The court further finds that on said June 1, 1892, and contemporaneous with the execution of the warranty deed to Nast for said land, the said John E. Nast and his co-defendant, Jane E. Nast, made, executed and delivered to the defendant, Sylvia J. Needles, a deed, in form a general warranty, purporting to re-convey said land to said Sylvia, which last said deed has been retained in the possession of the latter and withheld from record.

"The court further finds that said John T. Needles and his wife, Sylvia J. Needles, by their deed of trust dated November 16, 1887, conveyed to George W. Toms, trustee, to secure to William F. Leonard the payment of a principal note for $1,600 given by said John T. Needles to said Leonard for borrowed money, and also ten coupon notes for $56 each, given for semiannual interest on said principal note, which principal note became due on December 1, 1892, and on which date the last one of said coupon notes became due, the following described land and premises situate in said county of Linn, State of Missouri, to-wit, all of the southwest quarter of section one, in township fifty-seven, range twenty, except forty-four acres heretofore conveyed by deeds recorded in book V on page 259 and 362 and book 8 on page 205, in the recorder's office of said Linn county, containing one hundred and twenty acres more or less, which said deed of trust is recorded in book 47 on page 616 in said recorder's office. And the court finds that at or

about the time of the maturity of said principal note and the last one of said interest notes, to-wit, December 1, 1892, the said principal note and said coupon note were assigned for value received by said Leonard to the defendant, Jane E. Nast, who thereupon became and still is the holder and owner thereof; and that said notes, by the terms of said deed of trust, bear interest after the maturity at the rate of ten per cent per annum.

"And the court further finds that since the death of said John T. Needles, the defendants, other than the defendant John Ford, administrator, have been in the possession of said land and have collected and received the rents realized from the annual renting of said land and premises, which in equity and right should be applied to the payment of the interest accruing on said notes, and which the court finds has been sufficient to pay off and discharge the same up to this date. The court finds that there is due and owing to said defendant, Jane E. Nast, the amount of said two notes, being the sum of sixteen hundred and fifty-six dollars, for which she is entitled to judgment and to have said deed of trust foreclosed to pay such judgment, and that she is entitled to privity and first lien upon and against said land and premises."

Having made this finding of facts, the court rendered the following decree based thereon:

"It is therefore considered, ordered, adjudged and decreed that the deed from the defendant Sylvia J. Needles to the defendant John E. Nast, dated June 1, 1892, to the land herein described, and recorded in book 85 at page 592 as aforesaid, and as well also the unrecorded deed purporting to reconvey said land to said Sylvia J. Needles, and each of them, be set aside on the ground that they and each of them are fraudulent and void as to the plaintiff and other creditors of the said John T. Needles, deceased, and that the defendant Jane E. Nast, have and recover as against the defendant John Ford as administrator of the estate of John T. Needles, deceased, the said

sum of sixteen hundred and fifty-six dollars, with interest thereon from this date at the rate of ten per cent per annum, and that the plaintiff have and recover the sum of ten hundred and sixty-four dollars and seventy-eight cents as against the defendant John Ford as administrator of the estate of John T. Needles, deceased, with interest thereon from this date at the rate of six per cent per annum and that the said land and premises aforesaid, included in and conveyed by said deed of trust, situate and being in said Linn county, Missouri, to-wit, all of the southwest quarter of section one in township fifty-seven of range twenty, except forty-four acres heretofore conveyed by deeds recorded in book V on page 259 and 362, and book 8 on page 205, in the recorder's office of Linn county, be sold by the sheriff of said Linn county, in the manner and as provided for the sale of real estate under execution, at the next regular term of this court, and that the proceeds derived therefrom be applied and paid out by said sheriff, as follows: First, that he pay the costs of this suit, including the costs and expenses of executing and carrying into effect the order of sale herein; and, second, that he pay to said defendant Jane E. Nast the judgment herein in her favor for sixteen hundred and fifty-six dollars, with interest from this date at the rate of ten per cent per annum; and, third, that he next pay to the plaintiff the judgment herein in his favor for ten hundred and sixty-four dollars and seventy-eight cents, with interest thereon from this date at the rate of six per cent per annum, and that he pay over the remainder of said proceeds, if any there be, to the said defendant Sylvia J. Needles, and that the clerk of this court issue to the sheriff of said Linn county an order to carry into effect the judgment and decree herein."

From this decree, after an ineffectual motion for new trial, the defendants, other than Ford, have appealed to this court. The first question to be considered is as to the propriety of the findings and the decree of the court. It is objected by counsel for appellant that the facts shown do not

warrant the decree; and that the facts found by the court, like-wise the decree based thereon, went far beyond the scope of the pleadings, and therefore the decree is erroneous.

The evidence clearly showed that at the time of the execution of the deed to the land in question from John T. Needles to his wife Sylvia, the indebtedness on account of the note in suit amounted to $1,645, and that the land conveyed was all the property then owned by John T. Needles, thereby depriving him of means to meet his liabilities. The evidence further shows that no consideration passed for the deed. Thus is presented a case of a debtor, whom the deed itself rendered insolvent, executing a voluntary deed to his wife of all the property he owned, thereby reducing himself to a state of utter insolvency. Such a transaction, to all existing creditors, must be deemed fraudulent in law, and will stand condemned as such, unless the facts which may give it validity are shown by the grantor or grantee receiving the conveyance. [Lander v. Ziehr, 150 Mo. 403.]

The transfer of the property in question to the defendant Sylvia Needles, by her husband John Needles, being thus determined fraudulent as to his creditor, the plaintiff in this case, her only right in the premises was to either pay off the existing claim against the estate of her husband, or abandon that which she had received as a result of that fraudulent conveyance.

Doubtless it was sought by the deed from John T. Needles to his wife to make some provision for her and his children by a former marriage, but conveyances having their sole consideration in love and affection, can not be regarded other than voluntary, and consequently fraudulent and void as to existing creditors, when made by an insolvent, or one made insolvent by the very act of conveying the property, and this although the grantee may have been ignorant of the insolvency of the grantor, and ignorant of the fraud committed or intended. [Snyder v. Free, 114 Mo. 360.]

There was ample evidence to sustain the finding and de-

cree of the circuit court that the deed from Sylvia Needles to John E. Nast, of date June 1, 1892, was fraudulent as against the plaintiff, because without consideration and a merely voluntary conveyance; nor does the fact of the reconveyance of the land by Nast and wife to the defendant Sylvia, under the circumtsances, relieve it of its fraudulent character. That conveyance it will be remembered, was, by a secret agreement of the parties, withheld from record, and John Nast claiming the equity of redemption, controlled the property and collected the rents therefrom, as if the deed by him had never been made.

It is particularly urged by counsel for appellants, that as the court below found the deed from John T. Needles to his wife Sylvia, fraudulent in law, because voluntary as to existing creditors, it then erred in not decreeing that the defendant Sylvia should have dower in the surplus derived from the sale of the land ordered sold, after payment of the indebtedness secured by the deed of trust, in which she had joined with her husband in executing.

In this appellant is unquestionably right. Having decreed the conveyance of this land fraudulent and void as against the creditors of John Needles, the law of this State is, that the wife of the defrauding debtor is entitled to dower, and the court therefore erred in not giving precedence and priority to the widow's dower right over plaintiff's claim, and in postponing her dower in the surplus derived from the sale of the land, after satisfying the Wilson & Toms deed of trust to plaintiff's judgment. This court, in the case of Bohannon v. Combs, 97 Mo. 446, thus announced the rule: "Where a conveyance of the husband, in which the wife joins, is set aside as being fraudulent as to creditors, this will result in reviving the wife's right of dower; for as the deed of the husband, being void, leaves no estate in the grantee in which the relinquishment of dower can operate, the wife is restored to her former rights." If all the equities of the parties to this suit are to be settled and adjusted according to the different pleadings filed

herein, the defendant Sylvia Needles's claim of dower should have been accorded priority over plaintiff's claim as judgment creditor.

The next contention of appellant is, that the finding and decree of the court as to the collection of rent, and the application of the amount so found to have been collected to the reduction of Jane. E. Nast's claim (based on her right as holder and owner of the Wilson & Toms deed of trust on the land), thereby cutting it down from $2,700 to $1,635, is based on no allegation of the pleading on which the case was tried, but on the contrary the finding and decree in that respect went far beyond the scope of the pleadings, no part of which is referable to the possession of the land or the receipt of the rents and profits therefor, and that the decree is not such as plaintiff was entitled to under the facts as disclosed by the evidence. It has uniformly been held that a party can not allege one cause of action in his petition and recover upon an entirely different cause, although the two causes might properly be united in the one action. Our practice act, with all its liberality, will not permit a party to sue for one thing, and recover a judgment for another and entirely different thing. Though a plaintiff may have other and different relief from that prayed for, the decree must nevertheless be supported by both the pleadings and the proof. The rule that under a general prayer for relief a party may have any relief to which he may show himself entitled, is limited to relief founded on and consistent with the scope of the pleadings, and not such as may have been developed at the trial. [Newham v. Kenton, 79 Mo. 382; Reed v. Bott, 100 Mo. 62.]

Before the court could properly have gone into the question of rents and profits collected by defendants, or either of them, from the lands in controversy, there ought to have been some allegation with respect thereto in the petition filed or some other pleadings in the case. The petition filed in this case contains no averment touching the matter of rents and

profits received from the land in question by appellants or any of them, nor is any accounting sought with respect thereto. Moreover, the evidence does not show the amount of rent received from the land from any one designated time to any other designated time, and besides, there is no evidence that Mrs. Nast ever received any rent from the land during any of the time she held the mortgage upon it. We must therefore hold that the court erred in reducing the mortgage indebtedness from $2,700 to $1,635 on the theory that Mrs. Nast has been in the possession receiving the rents from the land since the death of John Needles, and that the rents would equal and should be applied to the payment of the interest accruing on said mortgage indebtedness from that time to the date of the institution of this suit. Such a finding and decree in the case was neither justified by the facts, nor warranted in the condition of the pleadings.

Objection is also made that the court committed error in allowing the plaintiff to testify over appellant's objection as to the agreement between himself and mother in reference to the consideration for the transfer to himself of the notes in suit. Conceding without deciding that plaintiff was incompetent to testify to the conversation with his deceased mother, yet the appellants are in no position to complain of the action of the court in this regard, for the reason that the attention of the court was not called to the alleged error in the motion for new trial.

Also, the question as to the misjoinder of parties defendants and of a misjoinder of action, raised by appellants, is a question not open for review on this appeal. This point was not raised by appellants in the court below by demurrer or motion in arrest, although the alleged defects appeared on the pleadings. Failing to make the point in this way, it must be deemed waived.

As this case is to be remanded it is not deemed necessary
Vol 167 mo—33

to pass upon all the numerous assignments of error made by appellant.

The judgment of the circuit court will for the reasons indicated be reversed and the cause remanded. All concur, except *Valliant, J.*, absent.