CHARLES M. HOWARD, Respondent, v. E. N. HURST, Administrator of the Estate of HENRY ZWEIGART, Appellant.

Kansas City Court of Appeals, May 13, 1912.

1. **APPELLATE PRACTICE: Competency of Witness: New Trial.** The incompetency of a litigant to testify concerning an agreement between himself and a deceased party cannot be considered on appeal if the attention of the trial court was not called thereto in a motion for a new trial.

2. **WITNESSES: Agent of Party Litigant.** The agent of one of the parties to a contract is not disqualified, where the other party is dead, to testify to the conversation between the principals, in his presence.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*Scott & Bowker* for appellant.

Where one party to a cause of action is dead, the agent of the other party is incompetent to testify. Grubbs v. Ray, 141 S. W. 17; Carroll v. Railroad, 137 S. W. 303. In an action for breach of covenant of warranty of seizin, the measure of damages is limited to the consideration paid. Allen v. Kennedy, 91 Mo. 324; Coleman v. Lucksinger, 224 Mo. 1; Lambert v. Estes, 99 Mo. 604. Where the covenantor conveys a life estate by his deed its value deducted from the consideration paid is the measure of damages for the breach of covenant of warranty where the remainder title fails. Lockwood v. Sturdervant, 6 Conn. 375; Tanner v. Livingston, 12 Wend. 83; Hartford v. Miller, 41 Conn. 113; Huntsman v. Hendricks, 44 Minn. 423; Brannon v. Curtis, 69 L. R. A. 760.

*John H. Crain* and *M. T. January* for respondent.

A case will not be reversed for error in admitting an incompetent witness, if the same facts are established by other competent and uncontradicted witnesses. Gibbs v. Haughowout, 207 Mo. 384. The ruling of the appellate court on the first appeal is the law of the case on the second appeal, where the evidence is substantially the same. Palmer v. Reeves & Co., 142 S. W. 1080; Livingston v. Allen, 87 Mo. App. 179; Wolfe v. Ins. Co., 86 Mo. App. 590. A party can-

not complain of error in an instruction where he asked and the court gave one for him on the same theory. Lathrop v. Railroad, 135 Mo. App. 16; Thompson v. Railroad, 86 Mo. App. 141. In an action on a covenant of warranty in a deed the measure of damages is what the covenantee has lost, but not in excess of the purchase price. Howard v. Hurst, Adm., 137 S. W. 1.

BROADDUS, P. J.—This suit originated in the probate court of Vernon county, and is based on the claim for alleged breach of warranty against the administrator of the estate of Henry Zweigart, deceased.

In 1899 Henry Zweigart conveyed to plaintiff six hundred and sixty acres of land in Vernon county, Missouri, in exchange for four sections of land in Texas, and the payment of about $1364, in money. Afterwards, one Jason Campbell brought a suit against the plaintiff claiming the remainder in fee simple in 160 acres of the land subject to the life estate of his mother, Cynthia, and also afterwards one G. L. McCully and others brought suit against plaintiff claiming the remainder in fee simple, subject to the life estate of John F. McCully in the other quarter section of said land. Both resulted in favor of plaintiffs therein and the court adjudged that plaintiffs have title as claimed, subject to the respective life estates mentioned. Afterwards, plaintiff bought the interest of the said remaindermen in said land for the sum of $7000. This suit is to recover against the estate of deceased money paid out by plaintiff to perfect his title. The plaintiff's evidence tended to show that the price of the Texas land was ten dollars per acre and the Missouri land was forty-two dollars per acre, and that plaintiff paid deceased $1364, the difference between the two at their agreed valuations.

This case was here once before and is reported in 156 Mo. App. 205, to which reference is made for a further explanation of the case.

A witness by the name of Webb, who was acting as agent for plaintiff, was allowed to testify at the former trial without objection that he consummated the trade between the parties, and that the parties agreed upon the valuations placed upon their lands. On the trial anew objection was made to the competency of said Webb to prove the contract, the other party to the contract being dead. The objection was sustained, but he was allowed to testify that he was present when plaintiff and deceased consummated the exchange of lands and he heard what was said at that time, viz.: "Mr. Zweigart said that he was there ready to comply with his contract with Mr. Howard; and Mr. Howard, he paid him the $1364 and took his land at forty-two dollars an acre, and was to take Mr. Howard's land at ten dollars per acre." Defendant moved to strike out said evidence but the court refused to so do.

On account of the ruling of the court in rejecting the testimony of Webb as to the part he took in the transaction the plaintiff's case was not as strong as it was on the former trial.

Proper proof was made as to the value of the different remainders in fee in the land conveyed by deceased to the plaintiff. Defendant offered to prove the value of the life estates in the land, which offer the court refused.

The jury returned a verdict in favor of plaintiff for $7000 from which defendant appealed.

The appellant makes three assignments of error. First. The court erred in admitting evidence of the witness Webb as to what took place in Mr. January's office at the time the deal was closed. Second. The court erred in giving instruction No. 1 asked by plaintiff. Third. The court erred in rejecting the testi-

mony offered by defendant as to the value of the life estates.

In defendant's motion for a new trial the following was the only objection made as to the admission of evidence: "Because the court erred in the admission of incompetent, immaterial and irrelevant testimony offered on behalf of plaintiff." On this question it is held that: "The incompetency of a litigant to testify concerning an agreement between himself and a deceased party, cannot be considered on appeal if the attention of the trial court was not called thereto in the motion for a new trial. [Needles v. Ford, 167 Mo. 495; Pitts v. Sheriff, 108 Mo. 1. c. 115.] It is insisted by appellant that a different rule is announced in Collier v. Lead Company, 208 Mo. 246. But we do not think so. The holding there is that it is sufficient if the motion for a new trial alleges: "That the finding is unsupported by the evidence," or that, "The verdict was wholly unwarranted by the testimony." The evidence in question was competent as it related to the issue on trial. But there is a material difference between an objection to evidence as incompetent and an objection as to the competency of a witness to testify, as is clearly pointed out in the two decisions cited. But we are of the opinion that the witness was competent to testify as to the matter in dispute. It is true he was the agent of plaintiff and the other party to the contract was dead, but he was not acting at the time in the capacity of agent. The parties to the contract themselves were each acting for himself and the witness was no more than any other by-stander who might have been present. The conversation was not had with him, but with his principal, therefore, he is not disqualified under the statute.

We think the objection to instruction No. 1 given for plaintiff is without merit as it is strictly in compliance with the ruling heretofore made in this case.

The offer of defendant to prove the value of the different life estates was properly rejected. Their value was not in issue. The title to such estates had already vested in plaintiff by virtue of the deed from the deceased. The value of the estates in fee was alone in issue. The case was tried in accordance with the former ruling in the case and is hereby affirmed. Affirmed. All concur.