LUCIEN E. MAY, Trustee in Bankruptcy of Estate of EDWARD FRANKLIN GIBLER, v. OLIN C. GIBLER et al., Appellants.—4 S. W. (2d) 769.

Division Two, March 24, 1928.

W. S. *Thompson* and *Randall Wilson* for appellants.

*L. M. Hyde* for respondent.

WALKER, J.—This is a suit brought by Lucien E. May, as trustee in bankruptcy, against Olin C. Gibler, Edward F. Gibler and the wife of the latter, Bertha Gibler, in the Circuit Court of Mercer County. It sounds in equity and its purpose is to set aside an alleged fraudulent deed made by Edward F. Gibler and Bertha his wife, to their son, Olin C. Gibler, on the 27th day of April, 1923. Tried by the court, a judgment therein was rendered in favor of the plaintiff on the 11th day of December, 1924. From this judgment the defendants appeal.

The deed made by Edward F. Gibler and wife to the defendant Olin C. Gibler was voluntary and without consideration. At the time it was made and continuously thereafter Edward F. Gibler, with his family, has occupied and used the land as his own and the defendant, Olin C. Gibler, has resided with him. It is conceded that

at the time the deed was made the grantee, Olin Clarence Gibler, was weak-minded and was "incompetent to manage his own affairs."

Plaintiff contends that at the time Edward F. Gibler conveyed the land to his son, April 27, 1923, he was indebted to his creditors, whom he never paid, in excess of $2800, and according to his testimony his debts, at the time, were in excess of the property he retained. The estimated value of the land conveyed was $4800. One year thereafter, May 16, 1924, he filed a voluntary petition in bankruptcy. The total amount realized from the sale of all of his property was $64.

The contentions of the defendants are that at the time of the making of the deed Edward F. Gibler, the grantor, was solvent; but' if the deed was fraudulent and void that the right of the plaintiff therein is subject to the homestead right of Edward F. Gibler and until the same is set off to him, or he is tendered by plaintiff and accepts in lieu of his homestead right the sum of $1500, the trial court was in error in awarding the title and the possession of said land to the plaintiff as the trustee in bankruptcy of the estate of Edward F. Gibler; that at the time said deed was made Edward F. Gibler was, in addition to his homestead right, entitled, under the exemption laws of this State, to $300 in cash (Sec. 1614, R. S. 1919), or certain personal property, named in Section 1611, Revised Statutes 1919.

As indicative of the mental attitude of Edward F. Gibler he testified before the referee that he was willing that the deed should be set aside, the land sold and the proceeds arising therefrom applied by the trustee to the payment of his debts and that he and his wife would make a quit-claim deed to the purchaser; that the son to whom he made the deed was at the time weak-minded and had always been that way.

I. The National Bankruptcy Law, Section 70, Subdivision E (as amended, Acts of Congress of February 5, 1903, and May 27, 1926), confers authority upon trustees therein to prosecute actions of this character in the State as well as the Federal courts. Under this authority trustees are subrogated to the rights of creditors and the limitation as to the right of action is that prescribed by the State law concerning the setting aside of fraudulent conveyances and not the limitation of four months before the filing of the petition in bankruptcy as prescribed in Sections 60a and 67c of that act. We had occasion to review the statutes and rulings of the State and Federal courts on that question in Riggs v. Price, 277 Mo. 333, 343, 210 S. W. 420, in which the conclusion above indicated was reached.

II. A review of the evidence shows that at the time the deed in question was made the bankrupt, Edward F. Gibler, was unable to pay his debts in the ordinary course of business. One is insolvent when he lacks this ability. [Bushman v. Bushman, 311 Mo. 551, 279 S. W. 126, and cases.]

The deed was made without consideration. It is true that one dollar was named therein as the consideration, but its purely nominal character was stated by the grantor in his testimony. He testified that he deeded the land to his son simply "because he wanted him to have it." Not only is it held in this jurisdiction, but by numerous courts of last resort elsewhere, that a merely nominal consideration in a deed, will, in a proceeding by attacking creditors—in whose shoes the trustee stands—authorize the classification of the deed as voluntary or one without any valuable consideration. [Lionberger v. Baker, 14 Mo. App. 353, affirmed in Id. v. Id., 88 Mo. 447; Polk Co. Nat. Bank v. Scott, 66 C. C. A. 51; London v. Anderson Brass Wks., 197 Ala. 16; Shaw v. Manchester, 84 Iowa, 246; Ten Eyck v. Wilbeck, 135 N. Y. 40, 27 C. J. sec. 210, note 55.]

III. There are two rules of construing the effect of a voluntary conveyance on the rights of attacking creditors. One is that such a conveyance must be conclusively presumed to be fraudulent; the other is, that the mere fact that a conveyance is voluntary raises a presumption of fraud which may be rebutted; and in determining the validity of the conveyance, the amount of the grantor's debts, the total value of his property and the value of that conveyed, are to be considered, and if it appears that he has retained property sufficient to pay all of his debts the conveyance will not be held invalid. There was evidence, aside from his exemptions as to personalty, that he had but a nominal amount of property after the transfer of his land. The inventory, made one year thereafter, when he voluntarily petitioned to become a bankrupt, showed that the total value of all of his possessions was $64. Failing to rebut the presumption under the second rule stated, it becomes conclusive. The authorities under the first stated rule will be found in 27 Corpus Juris, page 547, section 247, and note 69; and those under the second rule in the same volume, page 548, section 248, note 73. Another rule of construction may be invoked as supplemental to the conclusiveness of the presumption of fraud, to this effect; that however meritorious a conveyance may otherwise be, if it includes all of a debtor's property and leaves him without the means to pay existing debts at the time of the conveyance, it is fraudulent and void. [Citizens Bank of Hayti v. McElvain, 280 Mo. 505, 219 S. W. 75; Barrett v. Foote, 187 S. W. (Mo.) 67; Needles v.

Ford, 167 Mo. 495, 67 S. W. 240; Snyder v. Free, 114 Mo. 360, 21 S. W. 847 and cases cited in 27 C. J. p. 550, sec. 249 and note 76.]

IV. The badges of fraud apparent from the facts concerning this conveyance are numerous. A reference thereto is not irrelevant as tending to show the actual intent of the grantor to defraud his creditors in the making of the conveyance; it was made to an imbecile son, who was, so far as the record discloses, incapable of comprehending the nature of the transaction or of managing the property. The hollow form of the proceeding is made manifest by the grantor remaining in the possession and control of the property. Let it be granted that he had no other purpose in the transfer than to benefit the grantee, this will not lend a color of validity to the transaction. He was bound to know his pecuniary circumstances and the just demands upon him. However passive, therefore, may have been his disregard of these, his conveyance is none the less fraudulent in the eyes of the law, than one in which the intention is actively effected. A man must be just before he is generous. [Potter v. McDowell, 31 Mo. 62; Com. Bank of Boonville v. Vollrath, 135 Mo. App. 63; Bigelow v. Stringer, 40 Mo. l. c. 206 and cases; Patten v. Casey, 57 Mo. 118.]

The evidence is ample to sustain the conclusion that this conveyance was made with the actual intent to defraud the grantor's creditors. The presence of this intent, while affording creditors existing at the time of the conveyance a right to assail the validity of the deed, will constitute sufficient evidence of fraud to confer a like right upon subsequent creditors. However, we have held in a long line of cases that proof of fraud as to existing creditors does not necessarily render a deed void as to subsequent creditors and that actual fraud as to them must be pleaded and proved. [Coleman v. Hagey, 252 Mo. 102, 158 S. W. 829; Johnson v. Murphy, 180 Mo. 597, 79 S. W. 909; Davidson v. Dockery, 179 Mo. 687, 78 S. W. 624.]

Proof of actual fraud was shown by the following facts: he continued to contract debts without accumulating money with which to pay for same or property from which their payment could be made; his impecunious condition continued until he voluntarily sought the cover of a bankruptcy proceeding to relieve him of his obligations, as attested by the total of his schedule of assets then made in the sum of $64. In the face of these facts and under the authorities cited the reasonable conclusion to be drawn therefrom is that his conveyance was void, not only as to existing but subsequent creditors.

V. This conclusion is not, however, unlimited in its effect as to the property attempted to be conveyed.

The grantor, Edward F. Gibler, had a homestead right in the land conveyed. To this he was entitled to an exemption. [Sec. 5853, R. S. 1919.] A bankrupt's right to exemption is governed by (1) the law of his domicile (2) in force at the time of the filing of his petition (3) as construed by the State court: (1) (Smalley v. Laugenour, 196 U. S. 93, 49 Law Ed. 400; In re Burnham, 202 Fed. 762; In re Andrews, 193 Fed. 776 and cases cited 7 C. J. 354, sec. 617, note 32; (2) In re Anderson, 110 Fed. 141; Sec. 6, Am. Bnkr. Act, 555; (3) In re Bailes, 176 Fed. 460; In re Downing, 148 Fed. 120).

It is a general rule which has frequently been invoked by this court, that the conveyance of a homestead cannot be fraudulent as against creditors, whether it be·to a wife or to a third person, and that creditors have no recourse against it. [Stam v. Smith, 183 Mo. 464, 81 S. W. 1217; Balz v. Nelson, 171 Mo. 682, 72 S. W. 527; Spratt v. Early, 169 Mo. 357, 69 S. W. 13; Moore v. Wilkerson, 169 Mo. 334, 68 S. W. 1035 and other Missouri cases cited in 20 Cyc. 382, note 68.]

The statute which declares that a homestead shall be exempt from attachment and execution except as provided in Section 5853, Revised Statutes 1919, allows the head of a family under 5854, Revised Statutes 1919, to designate the homestead, and if its value exceeds the statutory limitation, the homestead must first be set aside in the manner required by Section 5854, supra, and the execution levied upon the remainder in excess of the homestead, or the sale will be void.

In Ehlers v. Potter, 219 S. W. (Mo.) 915, Commissioner BROWN, in a luminous opinion, after reviewing and approving the statutes cited in the cases of Armor v. Lewis, 252 Mo. 568, 161 S. W. 251, and Balance v. Gordon, 247 Mo. 119, 152 S. W. 358, in a unanimous opinion by Division Number One, held that although the owner of a homestead acquiesced in an execution sale by the sheriff that such acquiescence would not ripen into an estoppel barring the owner of his homestead rights, for the question was one of legal opinion and the facts, as at bar, were known to all the parties.

To render an execution enforceable, therefore, in the instant case, the sheriff must inform the grantor, Edward F. Gibler, of his right to exercise his choice as to the part of said land to which the exemption created by Section 5853, supra, shall apply within the limitations of the statute; and upon his refusal to exercise ·this choice, to appoint commissioners to locate said homestead as required in said section. The homestead having been defined and located a levy upon the land in excess thereof will be authorized under the decree. Otherwise not.

The judgment is therefore affirmed under the conditions stated. All concur.